392 So.2d 1294 (1980)
AMERICAN BERYLLIUM COMPANY and Employers Insurance of Wausau, Petitioners,
v.
Lynn W. STRINGER, Respondent.
No. 57134.
Supreme Court of Florida.
October 30, 1980.
As Corrected on Denial of Rehearing February 19, 1981.
*1295 W. Robert Mann and David Paul Montgomery of Mann & Fay, Bradenton, for petitioners.
Richard A. Bokor, Tampa, for respondent.
ALDERMAN, Justice.
We accept jurisdiction in this case to review an order of the Industrial Relations Commission.[1] The Commission, reversing an order of the judge of industrial claims, held that respondent Stringer's claim was not barred by the statute of limitations and directed that, on remand, the company not be permitted to offer evidence on its statute of limitations defense. We affirm in part and reverse in part.
Stringer last worked for American Beryllium in 1970. In July, 1977, the upper lobe of his left lung was removed. On December 2, 1977, he filed a claim for compensation against American Beryllium, alleging his illness was caused by exposure to beryllium dust during his employment with that company.
At the pretrial hearing, the judge noted a possible statute of limitations problem. Stringer's position was that the illness was quiescent, and thus the statute of limitations did not begin to run until the claimant should have known of the illness, in this case, 1977. Upon stipulation of the parties, the statute of limitations defense was presented to the judge for determination. The judge ruled that "[a]ssuming arguendo that the claimant did in fact contract a dust disease or beryllium dust disease while in the employ of the employer and assuming further that this dust disease was quiescent or undetected until July of 1977, the fact of quiescence or failure to detect does not toll the running of the Statute of Limitations applicable to Florida Workmen's Compensation cases."
The Industrial Relations Commission reversed the judge, holding that in occupational disease cases the date of disability commences the running of the statute of limitations. Disputing this holding, the company contends that under section 440.02(18), Florida Statutes, Stringer's claim should have been filed within two years of the time of injury, and, defining time of injury as the occurrence of the accident resulting in the injury, it argues that Stringer's injury could not have occurred later than the last date of employment with it. On this issue, we affirm the Commission's order.
This case is an occupational disease case and is governed by the occupational disease section of the workmen's compensation *1296 statute. An occupational disease, according to section 440.151(2), Florida Statutes (1969), is "a disease which is due to causes and conditions which are characteristic of and peculiar to" a particular employment. An employee of such an occupation becomes disabled when he becomes "actually incapacitated, partially or totally, because of an occupational disease, from performing his work in the last occupation in which injuriously exposed to the hazards of such disease." Section 440.151(3), Florida Statutes (1969). "[T]he disablement or death of an employee resulting from an occupational disease ... shall be treated as the happening of an injury by accident... ." Section 440.151(1), Florida Statutes (1969). In occupational disease cases, therefore, it is the disability and not the disease which determines the compensability of a claim. See also Conner v. Riner Plastering Co., 131 So.2d 465 (Fla. 1961).
The second issue is whether the Commission erred in holding that on remand the company is barred from offering evidence on its statute of limitations defense. This defense necessarily rests on establishing the date of disability. On this issue the judge had before him only the stipulated last date Stringer worked for the company and the stipulated surgery date. This is not sufficient to determine the date of Stringer's disablement, which in turn determines when the statute of limitations begins to run. We agree with the dissenting opinion of Commissioner Carroll that "[i]t cannot be assumed, in absence of a specific stipulation or evidence supporting such a fact finding, that the date of disablement from the dust disease coincided with the last injurious exposure or with the subsequent detection of the disease as opposed to occurring at some point in time later than the former but earlier than the latter." We reverse this part of the Commission's order and direct that, on remand, the company be given the opportunity to present evidence in support of its statute of limitations defense.
Accordingly, this case is remanded for further proceedings before the deputy commissioner (formerly referred to as the judge of industrial claims).
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
NOTES
[1] We have jurisdiction under article V, section 3(b)(3), Florida Constitution (1972); section 440.27, Florida Statutes (1977).