497 So.2d 1231 (1986)
Henry H. SLEDGE, Appellant,
v.
CITY OF FORT LAUDERDALE and Division of Workers' Compensation, Appellees.
No. BJ-119.
District Court of Appeal of Florida, First District.
July 10, 1986.
Richard A. Sicking of Kaplan, Sicking & Bloom, Miami, for appellant.
Albert P. Massey, III, of Pyszka, Kessler, Massey, Weldon, Catri, Holton and Douberley, Fort Lauderdale, for appellees.
SMITH, Judge.
Claimant, a firefighter, appeals the deputy's order denying his claim for benefits for heart disease on the grounds that it was barred by the statute of limitations. We reverse and remand for further proceedings.
The claimant is employed as a firefighter with the City. At the time that he was hired, he passed a preemployment physical examination without evidence of heart disease. Beginning in 1978, claimant had several acute attacks of heart palpitations, the first one occurring on December 19, 1978. After each episode, the City paid for claimant's hospitalizations and medication, and on one occasion, the City paid claimant *1232 disability benefits. The last bill paid by the City for claimant was October 7, 1981. Apparently, the City declined further responsibility, and claimant sought and obtained payment of his medical treatment and medication from his union insurance company.
Claimant's treating physician, Dr. Moody, initially diagnosed claimant as suffering from paraxysmal atrial fibrillation and atrial tachycardia. Dr. Moody found no evidence of heart disease. In December 1982, Dr. Moody placed claimant on blood thinners and hospitalized him, giving his heart a deep shock treatment in hopes of reestablishing sinus rhythm. The sinus rhythm was reestablished for a short time, but it did not last. Thereafter, the doctor diagnosed claimant as suffering from chronic atrial fibrillation. Dr. Moody opined that December 1982 was the turning point in which he made a major decision concerning claimant, deciding that claimant suffered from chronic atrial fibrillation rather than intermittent or acute episodes of atrial fibrillation. Dr. Moody opined that claimant is now suffering from heart disease and has a 1% permanent impairment of the body. Claimant requires medication for his condition.
Claimant filed a claim for medical benefits on November 15, 1984. The claim lists the date of accident as December 19, 1978, but at the final hearing, claimant's attorney argued that the date of accident was in dispute. The City defended on several grounds urging, among other things, that the claim was barred by the statute of limitations, and that since claimant's heart disease was a preexisting condition, he was not entitled to the statutory presumption afforded by section 112.18(1), Florida Statutes (1985).
After a hearing, the deputy entered an order finding that the claim was barred by the statute of limitations. Based on the testimony of the claims adjustor for the City, the deputy found that claimant has not been paid compensation nor medical benefits for his accident of December 19, 1978, or any other allegedly work-related condition or disease since October 7, 1981, and therefore the claim was not filed within two years of the date of accident (December 18, 1978), or within two years of the last payment of compensation or furnishing of medical care (October 7, 1981). The deputy rejected the claimant's contention that the statute of limitations does not bar his claim until two years after the claimant's last day of employment with the employer as a firefighter. The deputy did not reach the other defenses raised by the City.
Section 440.19, Florida Statutes (1985),[1] provides that a timely claim may be filed within two years of (1) the time of injury; or (2) the last payment of compensation; or (3) the date of the last medical treatment furnished by the employer. Appellant admits that the present claim was filed more than two years from the date of the last payment of compensation and more than two years from the date of the last medical treatment furnished by the employer. Accordingly, for appellant's claim to be timely, it must have been filed within two years after the time of injury.
Next, it becomes important to determine whether appellant's claim is for an injury by accident or for a compensable occupational disease. The distinction is important because in occupational disease cases, it is the date of disability which commences the running of the statute of limitations. American Beryllium Co. v. Stringer, 392 So.2d 1294 (Fla. 1980); and Section 440.151, Florida Statutes (1985) ("the disablement or death of an employee resulting from an occupational disease ... shall be treated as the happening of an injury by accident").
An occupational disease is one "which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment" *1233 and excludes "all ordinary diseases of life to which the general public is exposed, unless the incidence of the disease is substantially higher in the particular trade, occupation, process or employment than for the general public." § 440.151(2), Fla. Stat. (1985).
Although heart disease is not ordinarily compensable as an occupational disease, Russell v. State, Department of Corrections, 464 So.2d 1202 (Fla. 1st DCA 1984), the Florida Legislature has enacted section 112.18(1), Florida Statutes (1985), which establishes a statutory presumption that heart disease suffered by a fireman is connected with the exertions of his work so long as the fireman passes a preemployment physical examination without evidence of such disease. Section 112.18(1) applies to chapter 440, Florida Statutes (1985). South Trail Fire Control District v. Johnson, 449 So.2d 947 (Fla. 1st DCA 1984). Thus, we find that claimant's claim for heart disease is a claim for an occupational disease rather than an accident by injury. See Larson's, Workmen's Compensation Law, § 41.72.
As stated earlier, the statute of limitations commences to run in occupational disease cases upon the disablement of the employee. American Beryllium Co. v. Stringer, 392 So.2d at 1295. Disablement and the commencement of the running of the limitations period occurs when the disease condition "... results in a stoppage or loss of earnings... ." See Sanders v. Florida State Board of Conservation, 5 F.C.R. 193, cert. denied, 155 So.2d 551 (Fla. 1963), cited by Commissioner Carroll in his dissenting opinion in Stringer v. American Beryllium Co., IRC Order 2-3830 (June 1, 1979), which dissent was adopted by the Florida Supreme Court in its Stringer opinion. American Beryllium Co. v. Stringer, 392 So.2d at 1296. Disablement means the event upon which the employee becomes actually incapacitated, partially or totally, from performing his employment. Sanders, 5 F.C.R. at 195.
Claimant is still employed as a fireman, and the record does not reveal that he has become actually incapacitated in any manner, due to his heart disease, from performing his duties as a fireman. Accordingly, we hold that the statute of limitations on his claim has not commenced to run.
Upon remand, the City will be permitted to raise its other defenses, not yet ruled upon by the deputy, including its contention that claimant's heart disease was a preexisting condition and that claimant is not entitled to the presumption of section 112.18(1).
REVERSED and REMANDED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Although there is no substantial difference in the versions of the statutes cited in this opinion from 1977 forward, the 1985 Florida Statutes are being cited herein, inasmuch as the law in effect at the time of claimant's last injurious exposure is applicable, Hyatt v. Armstrong Cork Co., 121 So.2d 793 (Fla. 1960), and claimant continues to be exposed as a firefighter.