BARFIELD, Judge.
The employer and servicing agent (E/SA) appeal a workers’ compensation order awarding temporary total disability (TTD) benefits from July 4, 1994 through September 11, 1994. We reverse and remand for reconsideration of the evidence.
We find that the judge of compensation claims (JCC) applied an erroneous legal standard in awarding TTD benefits in the absence of medical evidence of the claimant’s inability to work and in the absence of a job search demonstrating her inability to work, and further, in the face of her having ignored repeated offers by the employer of a job within her physical restrictions, based upon the JCC’s finding that she was not told by her physicians that she could return to work. The law does not require that the claimant receive this information directly from her physicians, and the JCC’s findings that the .claimant did not know, and should not have known, that she was released to return to work are not supported by competent substantial evidence in the record.
It is uncontroverted that Dr. Magana, who performed the independent medical examination (IME) in March 1994 and found that the claimant could return to full time employment with restrictions, sent a copy of his report to her attorney. In May 1994, the servicing agent sent the claimant a letter informing her that Dr. Magana had released her to work and that her TTD benefits had been suspended, but that she should submit requests for benefits for indemnity benefits to which she might be entitled. At her request, her treating physician, Dr. MacMillan, issued a disability slip dated June 10, 1994, indicating that she was “totally incapacitated” from April 21,1993, to an unknown date. On June 13,1994, and again on July 18,1994, the employer sent her a certified letter offering her a job within her restrictions, noting that “[according to your doctor, you are now able to return to work.” In the meantime, the servicing agent had determined that Dr. MacMillan agreed with Dr. Magana’s opinion regarding the claimant’s work status, and so informed the claimant in its July 19, 1994, notice of denial of her request for indemnity benefits, which she received on July 22,1994, and in three subsequent notices of denial which stated that the position with the employer remained available to the claimant.
The fact that the E/SA, in an apparent exercise of caution, continued to pay the claimant indemnity benefits after its May 1994 letter until July 3, 1994, after Dr. Mac-Millan indicated his agreement with Dr. Ma-gana, is irrelevant to the determination of whether the claimant knew or should have known that she was able to work. The evidence would support a finding that she knew Dr. Magana’s opinion regarding her work status in March 1994 and that she knew she was required to search for work in May 1994, so that her ignoring the job offered by the employer on June 13,1994, and again on July 18, 1994, amounted to a voluntary limitation of income. The evidence is clear that she knew at least by July 22, 1994, that both Dr. Magana and Dr. MacMillan had released her to work and that a job within her restrictions was available with the employer, so that her failing to accept that job constituted a voluntary limitation of income which continued until she accepted the position with the employer which she continues to hold.
The claimant is not in any case entitled to TTD benefits, because there is no competent substantial evidence that she was totally unable to work during the claimed period. If the JCC determines on remand that she knew or should have known she was released to work during the period from July 4, 1994, to July 22, 1994, she may be entitled to TPD benefits for the period from July 4, 1994 to September 11, 1994, only after application of the “deemed earnings” provision of section 440.15(4)(b), Florida Statutes (1991). If the JCC determines that she did not know and should not have known that she was released to work during the period from July 4, 1994, to July 22, 1994, thereby excusing her obligation to conduct a work search or to accept the job offered by the employer, she may be entitled to full temporary partial disability *239 (TPD) benefits for the period from July 4, 1994, to July 22, 1994, and to TPD benefits for the period from July 23, 1994 to September 11,1994, after application of the “deemed earnings” provision.
The order is REVERSED and the case is REMANDED to the JCC for reconsideration of the evidence in light of this opinion, on the issue of whether the claimant is entitled to full TPD benefits for the period from July 4, 1994 through July 22, 1994, and on the issue of whether she is otherwise entitled to TPD benefits after application of section 440.15(4)(b).
KAHN, J., concurs.
ZEHMER, C.J., dissents, with written opinion.