691 So.2d 585 (1997)
Harold HOPPE, Appellant,
v.
CITY OF LAKELAND and Alexsis, Inc., Appellees.
No. 96-3113.
District Court of Appeal of Florida, First District.
April 16, 1997.
Randall O. Reder of Randall O. Reder, P.A., Tampa, and Richard Osborne, Tampa, for Appellant.
Dennis A. Ross and Michael L. Davis of Ross, Williams, & Deal, P.A., Lakeland, for Appellees.
*586 BENTON, Judge.
This appeal turns on when the statute of limitations runs in workers' compensation cases, if (former) employees allege that they have contracted occupational diseases. On the authority of American Beryllium Company v. Stringer, 392 So.2d 1294 (Fla.1980) (as corrected on denial of rehearing 1981), we reverse the dismissal of a petition for benefits and remand for further proceedings, even though the former employee passed up an opportunity to be examinedat his employer's expenselong before any alleged disability.
Harold Hoppe asserts that he first learned that he might be suffering from asbestosis on March 24, 1995, more than six years after he left the employ of the City of Lakeland in September of 1988. The judge of compensation claims found:
1. On September 11, 1995 and February 16, 1996, Claimant, Harold Hoppe, respectively filed a Request for Assistance and Petition for Benefits alleging exposure to asbestos on September 1, 1988. The Request for Assistance and Petition for Benefits are the first formal notices to the Employer/Carrier of any alleged occupational exposure to asbestos. (Claimant gave informal notice in a letter to Mayor Buddy Fletcher dated April 18, 1995.)
2. Claimant was deposed on March 20, 1996. At that time, and at the evidentiary hearing, Claimant claims that he was aware of asbestos materials being used by the City of Lakeland at his place of employment, alleging that he was even informed about the use of asbestos towards the end of his employment. To the best of his recollection, Claimant believes that fellow employee, Gary Ross, told him that there was asbestos in the pipe or materials he was working with, and it was dangerous to him, in approximately 1987. Claimant voluntarily terminated his employment with the City of Lakeland in September 1988.
3. In 1989, Claimant admits that he received a certified letter from the City, asking him to present for an evaluation. On cross-examination in his deposition, Claimant candidly admits that 1989 is the first time that he learned that he may have been injured as a result of exposure to asbestos. (Claimant does not contradict this depositional testimony at the evidentiary hearing.). Claimant admits that he knew that the examination in 1989 was for the purpose of determining whether he had been exposed to asbestos.
4. I find that the Claimant's current claim is time barred, because he knew, or should have known, about a possible exposure to asbestos, and possible injury therefrom, in 1989, well over the two year limit imposed by Section 440.19, Florida Statutes.

5. Claimant, by his own admission, was aware that he was possibly exposed to asbestos no later than 1989. Indeed, the Employer exercised proper diligence in asking Claimant to submit to an examination; however, he chose to ignore these requests until 1995. This is well after the applicable statute of limitations had run.
Section 440.19(1), Florida Statutes (1995), bars all petitions not "filed within 2 years after the date on which the employee knew or should have known that the injury ... arose out of work performed in the course and scope of employment." (Emphasis supplied.)
In deciding when an injury occurs in an occupational disease case, the American Beryllium court relied on statutory language which remains the same today.
This case is an occupational disease case and is governed by the occupational disease section of the workmen's compensation statute. An occupational disease, according to section 440.151(2), Florida Statutes (1969), is "a disease which is due to causes and conditions which are characteristic of and peculiar to" a particular employment. An employee of such an occupation becomes disabled when he becomes "actually incapacitated, partially or totally, because of an occupational disease, from performing his work in the last occupation in which injuriously exposed to the hazards of such disease." Section 440.151(3), Florida Statutes (1969). "[T]he disablement or death of an employee resulting from an occupational disease *587 ... shall be treated as the happening of an injury by accident...." Section 440.151(1), Florida Statutes (1969). In occupational disease cases, therefore, it is the disability and not the disease which determines the compensability of a claim. See also Conner v. Riner Plastering Co., 131 So.2d 465 (Fla.1961).
The second issue is whether the Commission erred in holding that on remand the company is barred from offering evidence on its statute of limitations defense. This defense necessarily rests on establishing the date of disability.
392 So.2d at 1295-96. "[I]n occupational disease cases, it is the date of disability which commences the running of the statute of limitations." Sledge v. City of Fort Lauderdale, 497 So.2d 1231, 1232 (Fla. 1st DCA), review denied, 500 So.2d 543 (Fla.1986).
Our supreme court specifically rejected a reading of the statute under which the two-year limitations period begins no later than the last day an employee is "injuriously exposed." The employee in the American Beryllium case was initially treated for "beryllium dust disease" some seven years after leaving his employment. The two-year statutory period does not begin to run until an employeeor a former employeesuffers a disability. Until the period begins to run, it is immaterial whether the employee knew or should have known of possible hazards, or of the possibility of a compensable injury in the future.
Here the employer is to be commended for offering a medical examination before any alleged disability manifested itself (although the record does not reflect what would have been learned, if an examination had occurred). Cf. Timmeny v. Tropical Botanicals Corp., 615 So.2d 811 (Fla. 1st DCA 1983). But the offer is not dispositive. The American Beryllium court disapproved the notion that the date of the "detection of the disease" necessarily coincided with "the date of disablement from the dust disease." 392 So.2d at 1296. On the facts the claimant has alleged, the two-year period had not even begun at the time the examination was offered. The judge of compensations claims did not determine when (or if) Mr. Hoppe became disabled. The claimant is entitled to a hearing on his allegations that he filed within two years of his "injury," defined as the time he became "actually incapacitated, partially or totally, because of an occupational disease." § 440.151(3), Fla.Stat. (1995).
Reversed and remanded.
ERVIN and DAVIS, JJ., concur.