BROWNING, J.
Appellant appeals, on four grounds, the order of the Judge of Compensation Claims (JCC) which found: (1) Appellant’s original diagnosis of Hepatitis C was *558 March 29, 1992, and September 18, 1998 was the date of his disability from Hepatitis C; (2) the average weekly wage (AWW) used in the Grice[1] offset calculation was correctly based on the March 29, 1992, date of accident rather than the September 18, 1998, date of disablement from Hepatitis C; (3) Employer/Carrier (Appel-lee) was permitted to take the Grice offset retroactively to May 1, 1997; and (4) Appellant’s attorney’s fees and costs should be limited to its ruling that supplemental benefits be excluded from the offset calculations. Appellee cross-appeals, on three grounds, the JCC’s findings that (1) issues regarding retroactivity of the offset and inclusion of permanent total supplemental (PTS) benefits were ripe for adjudication; (2) Appellee is not entitled to include PTS benefits in the Grice offset; and (3) attorney’s fees and costs are payable on its ruling regarding supplemental benefits. Two amicus curiae raised a total of four issues, none of which were raised by the parties. We reverse on two grounds and affirm the other issues without discussion. The issues raised by amici were not properly before this court and were not considered. See Acton v. Ft. Lauderdale’Hospital, 418 So.2d 1099, 1101 (Fla. 1st DCA 1982) (holding amici do not have standing to raise issues not available to the parties, nor may they inject issues not raised by the parties); see also Keating v. State, 157 So.2d 567, 569 (Fla. 1st DCA 1963) (same); Turner v. Tokai Financial Services, Inc., 767 So.2d 494, 496 n. 1 (Fla. 2d DCA 2000) (holding amici lack standing to raise issues not raised by the parties.)
On March 29, 1992, when Appellant was diagnosed with Hepatitis C, his annual income was $35,000.00. Between 1992 and 1996, Appellant underwent three six-month courses of interferon therapy. Each time Appellant underwent interferon therapy, he missed approximately four to six months of work because of treatment side effects. However, after treatment, Appellant returned to work full-time to his full duties and, in fact, assumed additional responsibilities and worked a second job as well.
On September 18, 1998, Appellant became incapable of performing his work for Appellee and his second employer, and was accepted by Appellee as being permanently and totally disabled (PTD). At the time Appellant terminated work, he was earning $69,000.00 per year from his employment with Appellee. However, the JCC rejected use of such amount for computation of benefits, opting for the $35,000.00 annual income earned in 1992 when Appellee was first diagnosed. This was error. It is well-settled in occupational disease cases that the date of accident is determined by the date of disability, and disability is defined as the date the claimant became incapable of performing work in the last occupation in which he was exposed to the hazards of the disease. See § 440.151(l)(a), Fla. Stat. (1991) and (1997) (“disablement ... resulting from an occupational disease ... shall be treated as the happening of an injury by accident .... ”); see also Cote v. Combustion Engineering, Inc., 502 So.2d 500, 501 (Fla. 1st DCA 1987) (holding disablement from occupational disease treated as an injury by accident); Hoppe v. City of Lakeland, 691 So.2d 585, 586 (Fla. 1st DCA 1997) (holding disability occurs when a claimant becomes actually incapacitated, partially or totally, from performing work in the last occupation in which he was exposed to the hazards of the disease); Sledge v. City of Fort Lauderdale, 497 So.2d 1231, 1233 (Fla. 1st DCA 1986) (holding disablement occurs when the employee is actually incapacitated, partially or totally from per *559 forming his employment); Hillsborough County School Board v. Christopher, 790 So.2d 1267, 1268 (Fla. 1st DCA 2001) (holding disability commences upon the date a claimant’s condition deteriorates to the point he can no longer work). Accordingly, detection of an occupational disease does not necessarily coincide with the date of disablement from the disease. See Hoppe, 691 So.2d at 587.
In this case, September 18, 1998, is the date Appellant’s condition deteriorated to the point he could no longer work. Thus, Appellant’s date of accident is September 18, 1998, and his AWW should be based on his earnings as of that date. The JCC’s finding that Appellant’s date of accident was March 29, 1992, is reversed. Also, this determination requires that the JCC recompute Appellant’s entitlement to attorney’s fees, which is based upon the benefits secured by his attorney. See § 440.34(2), Fla. Stat. (1997); see also Wiseman v. AT & T Technologies, Inc., 569 So.2d 508, 511 (Fla. 1st DCA 1990) (holding § 440.34(2) is construed to mean fee should be based on the total benefits secured as a result of the attorney’s intervention); Monterey Builders v. Garcia, 566 So.2d 1364, 1366 (Fla. 1st DCA 1990) (holding “benefits secured” means benefits obtained as a result of the claimant’s attorney’s legal services connected with the claim for benefits). Because Appellant’s counsel secured Appellant’s entitlement to an AWW based on the September 18,1998, date of accident, Appellant’s award of attorney’s fees is remanded to include that benefit.
REVERSED and REMANDED for proceedings consistent with this opinion.
PADOVANO and LEWIS, JJ., concur.

. Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997).