PER CURIAM.
 

 In this appeal, the Employer challenges the finding of the Judge of Compensation Claims (JCC) that Claimant was entitled to the presumption afforded by section 112.18, Florida Statutes (2007). The Employer alleges the JCC committed two errors: 1) finding Claimant’s “essential hypertension” was of a type covered by the statute; and 2) finding Claimant satisfied the statute’s disability requirement. We affirm as to the first issue because the argument was not preserved. For the reasons explained below, we reverse as to the second issue.
 

 Background
 

 Claimant was employed by the Employer as a law enforcement officer. On July 17, 2007, while engaged in a training exercise in hot weather, Claimant began feeling ill. He then began to experience chest pains, and his partner recommended seeking medical treatment. Claimant first had his blood pressure taken by a firefighter, who informed Claimant his pressure was elevated. Claimant reported to an urgent care center where his blood pressure was taken again, and he underwent cardiac diagnostic testing. The medical notes from that date indicate the cardiac tests were negative. Claimant was also, however, diagnosed with hypertension, prescribed medication to treat this condition, and told to follow up with his primary care physician.
 

 Claimant testified the doctor at the urgent care center informed him of the hy
 
 *860
 
 pertension diagnosis, and advised him to refrain from working or exercise until being cleared by a cardiologist. Claimant further testified he informed his supervisor of this, and the Employer allowed Claimant to remain off work pending the cardiac evaluation. A First Report of Injury was prepared, and the Employer agreed to provide benefits subject to the “pay and investigate” provisions in section 440.20(4), Florida Statutes (2007).
 

 For reasons not clear from the record, approximately three weeks elapsed before Claimant underwent the cardiac evaluation. During that period, Claimant returned to the urgent care center twice for scheduled follow-up visits. The notes from each visit reiterate the hypertension diagnosis and the instruction that Claimant follow up with his primary doctor if he developed any complaints. Claimant saw his primary doctor on July 31, 2007. The notes from that office visit indicate Claimant reported the chest pain incident, hypertension and elevated cholesterol diagnoses, and that he was taking medication to address the latter two conditions. Claimant also reported he had experienced no chest pain since July 17, 2007. The doctor’s assessment was “benign essential hypertension,” and the “plan” was for Claimant to see a cardiologist.
 

 Claimant saw a cardiologist on August 6, 2007. The report from that office visit indicates the Employer sent Claimant for a cardiovascular evaluation, acknowledges Claimant’s prior diagnosis of “mild hypertension,” and notes the fact that Claimant had been out of work the preceding three weeks. The cardiologist opined Claimant had no evidence of “significant heart disease,” and that Claimant’s prior chest pain was not cardiac-related. The doctor released Claimant to resume his “full normal duties,” with no functional limitations or restrictions.
 

 Based on this report, the Employer denied Claimant’s hypertension claim, and the matter went to a final hearing. The sole evidence before the JCC consisted of the medical records described above, and live testimony from Claimant and a claims adjuster. Claimant stipulated there was no written documentation establishing he was taken out of work due to hypertension, and a number of the days he missed during the three weeks in question were regularly-scheduled days off. The JCC found the parties stipulated that the Employer had no evidence Claimant had hypertension before commencing his employment with the Employer, and that Claimant “now has hypertension.”
 

 Based on the foregoing, the JCC found the remaining issue for resolution was whether Claimant satisfied the disability requirement of section 112.18(1), Florida Statutes (2007). The JCC noted Claimant’s testimony that, “upon reporting the diagnosis of hypertension, he was told to refrain from work until being cleared to return to work by” a cardiologist, as well as Claimant’s testimony that he informed his supervisors of this and was given the time off without any trouble. The JCC found the cardiologist’s office note of August 6, 2007, corroborated Claimant’s “testimony insofar as it inclicatefd] a history of ‘no work’ for the three weeks prior to the visit.” The JCC also found this note indicated the “plan” was for Claimant to “return back to full normal activities.” Thus, the JCC found, Claimant “met his burden by satisfying the three prong test sufficiently to invoke the presumption,” and that the Employer “failed to present any evidence of a non-work related cause.”
 

 Analysis
 

 The presumption afforded by section 112.18 is “only available when a claimant’s ... hypertension result[s] in total or partial disability or death.”
 
 Bivens v. City
 
 
 *861
 

 of Lakeland,
 
 993 So.2d 1100, 1102 (Fla. 1st DCA 2008). This court has interpreted “disability” as occurring “ ‘only when [a claimant] becomes actually incapacitated, partially or totally, from performing his employment.’ ”
 
 Id.
 
 (quoting
 
 City of Mary Esther v. McArtor,
 
 902 So.2d 942, 944 (Fla. 1st DCA 2005)). Here, the evidence upon which the JCC relied to find Claimant satisfied these requirements was Claimant’s testimony and the cardiologist’s office note. This was error.
 

 This court has held that missing several days of work due to medical appointments is not sufficient to demonstrate disability.
 
 See Bivens,
 
 993 So.2d at 1103. Nothing in the record establishes Claimant was in any way incapacitated as a result of his hypertension. Although Claimant testified the urgent care doctor told him he had hypertension and should refrain from work or exercise until cleared by a cardiologist, he also testified it was only his understanding that the latter advice was due to his hypertension. Yet, in each of the reports from the urgent care center where Claimant’s hypertension is discussed, he is instructed to see his primary care physician if he had any complaints. The records are silent as to whether Claimant’s hypertension, as opposed to, for example, his recent report of chest pain, was the reason he was told not to return to work until being cleared by a cardiologist.
 

 Furthermore, the cardiologist’s report itself makes only a passing reference to Claimant’s hypertension (which had apparently been brought under control by medication), and focuses instead on whether Claimant had heart disease. Although the report also notes Claimant had been out of work for the previous three weeks, it is silent as to whether this was because Claimant was unable to work due to his hypertension, or because this was how long it took to arrange for Claimant to see a cardiologist. What is clear, however, is that the doctor released Claimant with no restrictions.
 

 Nothing in the record specifically addresses whether Claimant was unable, at any time, to perform his job, at least partially, due to his hypertension.
 

 Detection of a condition always requires testing, medical evaluations, or some type of treatment, and “[tjhese measures, by themselves, do not demonstrate disability.”
 
 Bivens,
 
 993 So.2d at 1103. The claimant in
 
 Bivens
 
 “missed work only so his condition could be diagnosed, not because it was a debilitating physical ailment.”
 
 Id.
 
 This, we explained, did not establish disability as the claimant’s injury did not prevent him from performing his job responsibilities.
 
 Id.
 
 Likewise, here, because Claimant was thrice advised to see his primary doctor if he had any hypertension-related complaints, and he was released by the cardiologist with no restrictions, the most that can reasonably be said of Claimant’s no-work status pending a cardiac evaluation is that it was for purely precautionary reasons unrelated to his hypertension. This is not sufficient to establish disability for purposes of section 112.18(1), Florida Statutes (2007).
 

 CONCLUSION
 

 Because no competent substantial evidence supports the JCC’s finding that Claimant was disabled by his hypertension as required by section 112.18(1), Florida Statutes (2007), the JCC erred in finding Claimant was entitled to operation of the presumption afforded by the statute. Accordingly, we REVERSE the order on appeal.
 

 ALLEN, PADOVANO, and BROWNING, JJ., concur.