PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) finding his hypertension not compensable and denying benefits. We hold the JCC erred as a *140 matter of law, reverse the ruling, and remand the case, for the following reasons.
FACTUAL BACKGROUND
Claimant, in seeking workers’ compensation benefits for his hypertension, relies on the presumption of occupational causation in section 112.18, Florida Statutes (2009). The JCC found, and the Employer/Carrier (E/C) agrees, that Claimant meets most of the statutory prerequisites for the presumption: he is a firefighter, he has the sort of hypertension addressed by the statute, and he underwent a “pre-employment” physical examination that failed to reveal any evidence of his hypertension (permitting an inference that his hypertension arose during the course of his employment). The E/C argues that Claimant did not prove the final statutory prerequisite for the presumption: he did not show that the hypertension “result[ed] in total or partial disability or death.”
Claimant argues that he was “disabled,” for purposes of section 112.18, while he was medically restricted from working as a firefighter. Specifically, on November 3, 2009, during his annual physical, Claimant underwent a cardiac stress test, the results of which were abnormal; the doctor who performed that physical immediately restricted Claimant to light-duty work and expressly prohibited him from firefighting. On November 11, 2009, Claimant underwent a cardiac assessment with a different doctor, who adjusted Claimant’s medication and kept him off work until November 21, 2009. Although below Claimant asserted the period of disability lasted from November 3 to 21, on appeal he limits the alleged period of disability to November 3 through 11.
To resolve a conflict in medical opinions, the JCC appointed an expert medical ad-visor (EMA) to provide his opinion as to what disability Claimant may have experienced. After receiving the EMA’s deposition, the JCC ruled that the EMA “did state that it was reasonable to restrict Claimant’s activities pending assessment by a cardiologist; however, this does not equate to a finding that Claimant was incapable of performing his duties due to his hypertension.” The JCC found that the work restriction “was precautionary, only,” and concluded Claimant had not established a period of disability so as to entitle him to rely on the section 112.18 presumption of occupational causation. This ruling was error as a matter of law.
LEGAL BACKGROUND
Section 112.18, Florida Statutes (2009), provides as follows:
Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any law enforcement officer or correctional officer as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter or law enforcement officer shall have successfully passed a physical examination upon entering into any such service as a firefighter or law enforcement officer, which examination failed to reveal any evidence of any such condition.
Disability, for purposes of workers’ compensation, is defined by statute as “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” § 440.02(13), Fla. Stat. (2009); see also § 440.151(3) (defining “disablement,” for purposes of determining compensation for occupational diseases, as “disability as described in s. *141 440.02(13)”). Case law elaborates: “disability occurs only when ‘the employee becomes actually incapacitated, partially or totally, from performing his employment.’” Bivens v. City of Lakeland, 993 So.2d 1100, 1103 (Fla. 1st DCA 2008) (quoting City of Mary Esther v. McArtor, 902 So.2d 942, 944 (Fla. 1st DCA 2005), in turn quoting Sledge v. City of Fort Lauderdale, 497 So.2d 1231, 1233 (Fla. 1st DCA 1986)). Disability “hinges solely on the employee’s ability to earn income, not upon other factors such as whether the employee has experienced wage-loss.” Carney v. Sarasota County Sheriff's Office, 26 So.3d 683, 684 (Fla. 1st DCA 2009). Disability “requires a claimant actually be incapable of performing his work.” City of Port Orange v. Sedacca, 953 So.2d 727 (Fla. 1st DCA 2007). Further, disability is not established by medical work restrictions imposed “for purely precautionary reasons unrelated to” the condition covered by section 112.18. Jacksonville Sheriff's Office v. Shacklett, 15 So.3d 859, 861 (Fla. 1st DCA 2009).
ANALYSIS
The question of whether a claimant can rely solely on a medical work restriction to prove disability for purposes of section 112.18 has never, until now, been squarely before this court. The prior cases present slightly different facts from this case. In Bivens (held: no disablement) the claimant was never subject to work restrictions. 993 So.2d at 1103. In McArtor (held: disablement) there was “[n]o dispute” that the claimant “was incapable of performing his duties” during his hospitalization and recovery. 902 So.2d at 944. In Sledge (held: no disablement), although the claimant was hospitalized several times, “the record does not reveal that he has become actually incapacitated in any manner, due to his heart disease, from performing his duties as a fireman.” 497 So.2d at 1233. In Carney (held: disablement) the claimant was hospitalized for treatment of his claimed heart disease. In Sedacca (held: no disablement) the claimant never experienced symptoms or missed work. 953 So.2d at 735. And in Shacklett (held: no disablement) the claimant presented no medical evidence that his work restrictions were in any way related to his claimed hypertension, rather than his chest pain (which no evidence established was itself related to the hypertension). 15 So.3d at 861.
In contrast to those cases, Claimant here argues that the work restrictions to which he was subject between November 3 and 11, imposed by his doctor specifically due to his already-diagnosed hypertension, created a period of disability. Claimant’s argument deftly highlights a gap in the current landscape of case law. Somewhere between the Bivens/Shacklett facts — where there were no medical work restrictions due to the covered condition— and the McArtor/Camey facts — where it was physically impossible for claimants to work during hospital treatment for the covered condition — there is a space for a claimant whose body might retain the physical strength and coordination to perform his job duties for a time, but who has been officially advised by his doctor — via medical work restrictions — to forbear from engaging in his work so as to avoid potential further injury or death due to his tuberculosis, heart disease, or hypertension. Rocha is such a claimant. Such a claimant, we conclude, meets the definition of disability, because his work restrictions both (a) were legitimately imposed as medically necessary “because of the injury” and (b) created actual incapacity by inter *142 fering with his ability “to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.”
To hold otherwise would encourage such a claimant to ignore the advice of his doctor in fear that a panel of judges years hence might deem the work restriction unwarranted. Further, it would encroach upon the doctor-patient relationship, and violate both the basic tenets of public safety and the clear purposes of the Workers’ Compensation Law. See generally McArtor; 902 So.2d at 944 (“When applied to the instant case, however, the definition employed by the JCC leads to a result which is inconsistent with the statutory definition of disability and the purpose of the workers’ compensation system.”). Finally, it would be inconsistent with the accepted use of medical work restrictions to prove disability for other purposes under the Workers’ Compensation Law. Cf. Blake v. Merck & Co., 43 So.3d 882 (Fla. 1st DCA 2010) (permanent total disability); Arnold v. Fla.'s Blood Ctrs., Inc., 949 So.2d 242 (Fla. 1st DCA 2007) (temporary partial disability); Emro Mktg. v. Jones, 671 So.2d 237 (Fla. 1st DCA 1996) (temporary total disability). Because a single definition of “disability” serves the entirety of Chapter 440, today’s holding must, and does, fit seamlessly into this analytical framework.
The JCC’s error is not harmless, because she accepted the EMA’s testimony that the medical work restrictions imposed on Claimant from November 3 to 11 were reasonable, and explicitly found “[t]here is no clear and convincing evidence to justify rejection of the EMA’s opinion in this case.” Thus, we reverse the finding of no disability, and remand the case for entry of an order finding compensability of Claimant’s hypertension, and for further proceedings regarding the requested benefits.
REVERSED and REMANDED.
PADOVANO, CLARK, and SWANSON, JJ., concur.