WOLF, J.,
concurring.
The issue before this court is whether the Claimant, a correctional officer who gets paid her wages and works full-time but has medically imposed restrictions that preclude her from performing a substantial and significant portion of her job duties, can be considered disabled pursuant to section 112.18, Florida Statutes. It is argued that because Claimant “earned” her wages for this period and was able to perform some of the necessary activities of her job, she is precluded from being disabled pursuant to chapter 112, Florida Statutes. It is unclear what “earning” wages in this context means. We have previously held that a person restricted to light duty work may be considered disabled pursuant to section 112.18, Florida Statutes. See Rocha v. City of Tampa, 100 So.3d 138 (Fla. 1st DCA 2012). The correct focus is the extent that an employee is precluded from performing his or her regular job duties as a result of medical restriction, thereby affecting the employee’s “capacity” to “earn ... wages which the employee was receiving at the time of the injury.” § 440.02(13), Fla. Stat. (2011) (emphasis added). The JCC determined that this correctional officer was precluded from performing “a necessary daily part of her job description” and, thus, was disabled. (Emphasis added). I read this finding to indicate that Claimant was precluded from performing a substantial and significant portion of her necessary job duties. I believe this is the correct test for determining partial disability pursuant to chapter 112, and the conclusion is supported by competent substantial evidence. I, therefore, agree to affirm.
Claimant specifically explained that her job duties require her to have inmate contact. The clerical portion of her job and the inmate contact travel hand-in-hand, because the first thing a correctional officer must do when an inmate enters a facility is to pat down the inmate. Claimant has to conduct strip searches if necessary. She takes fingerprints. Claimant is required to walk inmates over to have their pictures taken and then bring them back to the holding area. If the nurse needs to see an inmate, Claimant must take the inmate to the nurse and then bring the inmate back. If a fellow correctional officer needs assistance to control an inmate, she must help. Claimant testified on their slowest day, they would have twenty inmates enter the facility. During the period in question, she was precluded from performing these duties. The employer/carrier presented no evidence to contradict Claimant’s testimony on the issue.
*1052 Significantly, the JCC made the following findings:
13. It is undisputed that the claimant missed no time from work after being diagnosed with benign essential hypertension on February 3, 2012. She worked her regular hours and was paid her regular salary until she was released to unrestricted work activity on February 27, 2012. However, the evidence is also undisputed that the claimant was not allowed to have inmate contact during this period because she had not passed the [Physical Agility Test], She was restricted to desk work by her employer and completed paperwork which, although a necessary function of her job, did not include inmate control which was also a necessary daily part of her job description. She did not return to her full job duties, including inmate control, until after February 27, 2012 when she was allowed to take the PAT by her doctor.
[[Image here]]
16.Under the definition of “disablement”, there is no question that this claimant “was incapable of performing her duties” for personal and public safety reasons because of medical restrictions after February 3, 2012. Because of her hypertension on that day, she could not take a required test which would have allowed her to perform all other duties of her job because of her hypertension and the medical restrictions therefrom. The claimant’s body retained the physical strength and coordination to perform part of her job duties for a time, but who was officially advised by her doctor (via medical opinion to excuse the PAT on February 3, 2012) to forbear from engaging in all aspects of her work so as to avoid potential further injury or death due to hypertension. She came to work in civilian clothes and could have no inmate contact from February 3, 2012 to February 27, 2012.
(Emphasis added).
Based upon these findings, the JCC found Claimant had suffered a disability pursuant to section 112.18, Florida Statutes.
In pertinent part, section 112.18(l)(a), Florida Statutes (2011), provides:
Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any law enforcement officer, correctional officer, or correctional probation officer as defined in s.943.10(l), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.
(Emphasis added).
In Rocha, 100 So.3d at 140-41, we made it clear that the dispositive factor of the analysis is the “capacity” to earn wages, rather than the wages that were paid, stating specifically:
Disability “hinges solely on the employee’s ability to earn income, not upon other factors such as whether the employee has experienced wage-loss.” Carney v. Sarasota County Sheriff’s Office, 26 So.3d 683, 684 (Fla. 1st DCA 2009).
In Rocha, the court was dealing with a firefighter whose medical restrictions were “light-duty” and who was “expressly prohibited [] from firefighting.” Id. at 140. He was paid full wages although it is unclear from the opinion whether he returned to “light-duty” work during the period of medical restrictions. This fact should not make a material difference in our analysis for this case. Had Rocha returned to work and performed some *1053 duties, his earning capacity as a firefighter would have been no different. The level of job duties a claimant is able to perform, just like the amount of wages received, may be a factor relevant to earning capacity rather than a dispositive factor in this case. In Rocha, this court found a firefighter on light duty who cannot fight a fire has lost the capacity to earn the same wages in the relevant market and thus meets the definition of disability. 100 So.3d at 141-42.* Similarly, in the instant case, the JCC was free to find a correctional officer who cannot interact with inmates, and thus is precluded from performing a substantial and significant part of her job duties, has lost wage earning capacity in the relevant market.

 It is unnecessary to reach the issue concerning the relevant market or meaning of "other employment” in section 440.02, Florida Statutes (2011), because the employer presented no evidence that Claimant could earn the same wages in a job other than correctional officer. This issue was also not raised on appeal. It should be noted, however, that in cases involving application of section 112.18, Florida Statutes, the inquiry has focused on the capacity to earn the same wages in the present occupation. See, e.g., Rocha, 100 So.3d 138.