IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1040

CITY OF JACKSONVILLE FIRE
AND RESCUE DEPARTMENT
and CITY OF JACKSONVILLE
RISK MANAGEMENT,

      Appellant,

v.

JOHNNY BATTLE,

      Appellee.

_____/

Opinion filed September 19, 2014.

An appeal from an order of the Judge of Compensation Claims.
Ralph J. Humphries, Judge.

Date of Accident: December 11, 2012.

Michael Arington of Eraclides, Gelman, Hall, Indek, Goodman & Waters, Jacksonville, for Appellants.

John J. Schickel of Coker, Schickel, Sorenson & Posgay, P.A., Jacksonville, Bryan S. Gowdy and Jennifer Shoaf Richardson of Creed and Gowdy, P.A., Jacksonville, for Appellee.


THOMAS, J.

      In this workers' compensation case, the City of Jacksonville (the City) appeals

an order from the Judge of Compensation Claims (JCC) finding compensable

1

Appellee/Claimant's hypertension and coronary artery disease (CAD), and awarding authorization of Dr. Castello to treat these conditions. We affirm.

The City argues that the JCC should not have found Claimant was entitled to rely on section 112.18, Florida Statutes (2012), which reads:

> (1)(a) Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any law enforcement officer or correctional officer as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter or law enforcement officer must have successfully passed a physical examination upon entering into any such service as a firefighter or law enforcement officer, which examination failed to reveal any evidence of any such condition. . . .

Section 112.18 creates a presumption of occupational causation for "any condition or impairment of health" for a claimant who meets the statutory prerequisites. The parties here stipulated to all prerequisites except disability; Claimant is a firefighter, Claimant has hypertension and heart disease, and Claimant successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease.

To prove disability, Claimant presented medical evidence regarding his cardiac catheterization, which occurred on December 11, 2012. The record shows that due to an abnormal stress test, Claimant was medically required to undergo

2

catheterization to treat and diagnose Claimant's CAD.[1] The procedure ended up being solely diagnostic (no stent was placed, although it could have been if determined necessary during the procedure). This catheterization, which Claimant was required to undergo as a result of the CAD and hypertension, confirmed that Claimant indeed has CAD, but did not result in any abnormal complications. Claimant was taken off work by a doctor for three days following the catheterization in order to recover from the procedure; had he not undergone the procedure, his hypertension and CAD would not have prevented him from working at that time.

The JCC found, and medical evidence (including doctor testimony) supports the findings, that the catheterization "was directly related to [Claimant's] CAD and hypertension," and that Claimant could not work during the procedure or for several days afterward in order to heal from the catheterization. To the extent the City challenges any inferences the JCC drew to make these findings, we see no error.

The City also challenges, however, the JCC's ruling that the time during which Claimant could not work (during and after the catheterization) constitutes disability for the purposes of section 112.18. The JCC analogized this case to Rocha v. City of Tampa, 100 So. 3d 138 (Fla. 1st DCA 2012), wherein Mr. Rocha's abnormal stress test resulted in his doctor-imposed work restrictions until he could

---

[1] Catheterizations are conducted under sedation, involve gaining access through either the femoral artery or the right radial artery, and result in medical orders to avoid soaking the wound or heavy lifting for several days after the procedure.

undergo a cardiac assessment, associated with his hypertension. This court held Mr. Rocha had proven disability because his work restrictions were "legitimately imposed as medically necessary 'because of the injury,'" and "created actual incapacity by interfering with his ability 'to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.'" 100 So. 3d at 141-42.

The City argues that the analogy to Rocha was error as a matter of law, and that the analogous case is instead Bivens v. City of Lakeland, 993 So. 2d 1100, 1103 (Fla. 1st DCA 2008), wherein Mr. Bivens had not produced any evidence that his heart disease affected his ability to perform his job duties. In Bivens, this court concluded that there was no disability – and thus no entitlement to the section 112.18 presumption – despite "that [Mr. Bivens] missed one day of work due to a doctor's appointment, he later missed six days after a heart catheterization, and on a third occasion missed several hours for a stress test." 993 So. 2d at 1103.

We distinguish Bivens from the instant case, because in Bivens "no work restrictions were ever placed on Claimant when he was being evaluated or diagnosed with [heart disease.]" Id. In contrast, in the instant case there is medical evidence that Claimant was restricted from working because of the catheterization, and that the catheterization was because of his hypertension and CAD, which is analogous to the facts in Rocha.

4

The JCC's finding in this case comports with the plain language of section 112.18, which is evidence of legislative intent to include recovery from invasive treatment and testing such as this: specifically, the statute's first words broadly describe "*[a]ny* condition or impairment of health . . . caused by" heart disease or hypertension (or tuberculosis) and "resulting in total or partial disability or death." § 112.18(1)(a), Fla. Stat. (emphasis added). Here, because the "impairment of health" created by the catheterization in Claimant's case was both caused or brought about by a listed disease (two, in fact) and resulted in work restrictions, it – as well as the listed disease – "shall be presumed to have been accidental and to have been suffered in the line of duty." Thus, we affirm.

AFFIRMED.

PADOVANO and CLARK, JJ., CONCUR.