492 So.2d 433 (1986)
CITY OF MIAMI, Appellant,
v.
John TOMBERLIN, Appellee.
No. BI-362.
District Court of Appeal of Florida, First District.
July 29, 1986.
*434 Lucia A. Dougherty, City Atty., Gisela Cardonne, Deputy City Atty. for the City of Miami, for appellant.
Peter S. Schwedock of Pelzner, Schwedock, Finkelstein & Klausner, P.A., Miami, for appellee.
WIGGINTON, Judge.
Appellant, City of Miami, appeals the deputy commissioner's order finding that appellee is entitled to workers' compensation medical benefits as the result of his hearing loss and pulmonary condition. We affirm.
Appellee has been employed as a police officer with the City of Miami since January 1956. In his workers' compensation claim, he sought medical benefits for the treatment of two different ailments  a hearing loss and a pulmonary condition. In regard to the hearing loss, he testified that his hearing problem has become gradually worse over a period of many years as the result of downtown noises to which he is exposed during his eight-hour shift on the street and also due to firing range noise.
Dr. Pullen, an otolaryngologist, initially treated appellee for his hearing problems in September 1983. He determined that appellee has a progressive high frequency hearing loss which results in his being unable to hear properly in noisy situations. He found that appellee's hearing loss is related to his exposure to a noisy environment. Other evidence was presented to show that, especially in his earlier years as a police officer, appellee was exposed to greater than acceptable levels of noise during firing range routines and that the noise level in the downtown Miami area where appellee works regular duty reaches greater than the acceptable level of decibels at certain times. Therefore, competent substantial evidence in the record supports the deputy commissioner's finding that due to his on-the-job exposure to noise, appellee suffers a progressive hearing loss and therefore treatment for that loss is compensable.
As to the pulmonary condition, appellee testified that he has noticed a shortness of breath during the last several years. Dr. Lerner, his treating physician for his lung condition, was of the opinion that, although some people who are not exposed to toxins develop the same condition from which appellee suffers, a great probability exists that appellee's prolonged exposure to a higher than normal level of air pollutants in the downtown area of Miami has affected appellee's lung function and caused his pulmonary condition. Other evidence showed that the downtown area of Miami has, at times, contained pollutants that were higher than EPA standards.
*435 The deputy commissioner concluded that appellee has sustained "occupational diseases," both hearing and pulmonary, as the result of "ongoing exposures for many, many years in his downtown job as a policeman." Appellant argues on appeal that appellee did not meet his burden of proving that he sustained an "occupational disease" within the criteria set forth in Broward Industrial Plating v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981), which requires a showing that, along with other proof, the incident of the disease in question is substantially higher in the claimant's occupation than it is in the general public.
We agree with appellant that appellee failed to present sufficient evidence to recover under the occupational disease theory. However, appellant's proof is sufficient for recovery under the "exposure" theory, as set forth in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). According to Festa, the claimant must show: (1) a prolonged exposure; (2) a causal relationship between the exposure and the injury; and (3) a hazard greater than that to which the general public is exposed. See also Lake v. Irwin Yacht and Marine Corporation, 398 So.2d 902 (Fla. 1st DCA 1981), in which, after an extensive discussion concerning exposure and occupational disease, the court concluded that the claimant in that case had sufficiently met his burden to show exposure although he had failed to meet his burden to show an occupational disease. Since, in the instant case, appellee proved his entitlement to workers' compensation medical benefits on the basis of the exposure theory, we affirm the deputy commissioner's award of those benefits.
Appellant also asserts that appellee's claim is barred by section 440.19, Florida Statutes (1979) which precludes a claim unless it is filed within two years after the time of injury, after the date of the last payment of compensation, or after the date of the last remedial attention furnished by the employer. Appellant relates that the record shows that appellee was at least aware of his lung and hearing injuries as early as 1970 and certainly more than two years prior to the filing of his February 1984 claim, and that no other factors apply in this case to toll the statute. However, because appellee's injury is the result of an ongoing repeated exposure and since he is still employed and being subjected to that exposure, his injury is continuing and therefore his claim is not barred by the statute of limitations under the circumstances of this case.
AFFIRMED.
SMITH and JOANOS, JJ., concur.