502 So.2d 500 (1987)
Lionel COTE, Appellant,
v.
COMBUSTION ENGINEERING, INC., and Travelers Insurance Company, Appellees.
No. BL-39.
District Court of Appeal of Florida, First District.
February 13, 1987.
*501 J. Michael Matthews of Fisher & Matthews, Altamonte Springs, for appellant.
Thomas J. McDonald, The Travelers Insurance Co., Orlando, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which his average weekly wage and compensation rate for an occupational disease were determined as of the date of claimant's last injurious occupational exposure to asbestos. We find that these computations should have been made as of the date that disability commenced, and we therefore reverse the order appealed.
During his employment between 1969 and 1974 claimant was regularly exposed to asbestos. Claimant eventually developed asbestosis which became disabling in 1985. Stipulating as to the corresponding average weekly wage and compensation rate amounts, the parties disagreed as to whether the pertinent time for such computations related to the date of claimant's last injurious exposure to asbestos in 1974, or the commencement of disability in 1985.
Section 440.151(1)(a), Florida Statutes (1974), provides that "disablement ... resulting from an occupational disease ... shall be treated as the happening of an injury by accident...." Section 440.14, Florida Statutes (1974), states that "the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation... ." Since section 440.151(1)(a) establishes disablement as the injury in instances of occupational disease, the commencement of such disability is the pertinent time for the average weekly wage determination pursuant to section 440.14. In the present case claimant's average weekly wage and compensation rate thus should have been determined upon a consideration of his 1985 earnings when he became disabled.[1]
The order appealed is reversed.
BOOTH, C.J., and BARFIELD, J., concur.
NOTES
[1] This position accords with that adopted in other jurisdictions under various workers' compensation acts. See e.g., Todd Shipyards Corp, v. Black, 717 F.2d 1280 (9th Cir.Ct.App. 1983); White v. Johns-Manville Sales Corp., 416 So.2d 327 (La. 5th Cir.Ct.App. 1982).