657 So.2d 927 (1995)
CITY OF MIAMI, Appellant,
v.
William THOMAS, Appellee.
No. 94-1415.
District Court of Appeal of Florida, First District.
July 3, 1995.
*928 A. Quinn Jones, III, City Atty., and Ramon Irizarri and Kathryn S. Pecko, Asst. City Attys., Miami, for appellant.
Richard A. Sicking, Miami, for appellee.
PER CURIAM.
The City of Miami appeals an order in which the judge of compensation claims found the claimant's condition compensable by operation of the rebuttable presumption in section 112.18(1), Florida Statutes (1991), that for a firefighter, "any condition or impairment of health" caused by "tuberculosis, heart disease, or hypertension" resulting in "total or partial disability or death" was accidental and was suffered in the line of duty, so long as the firefighter had passed a pre-employment physical examination which "failed to reveal any evidence of any such condition." We affirm the order, with the exception of the judge's finding that the term "hypertension," as used in section 112.18, was meant to include "any kind of hypertension," i.e., hypertensive conditions other than arterial or cardiovascular hypertension.
We reject the City's contention that the 1990 enactment of section 440.015 repealed section 112.18 by implication, to the extent that it has been construed to extend to chapter 440 proceedings. We find that this presumption remains viable in the worker's compensation context. We also reject the City's argument that the phrase "total or partial disability," as used in section 112.18, was intended to be limited to permanent disability, so that the presumption would not apply to a temporary disability, as experienced by this claimant. We find no support for such a construction of the statute.
With the exception noted above, which does not alter the finding of compensability in this case, the order is AFFIRMED. The claimant's motion for appellate attorney fees is granted, and the case is remanded to the judge of compensation claims for determination of the amount of a reasonable attorney fee.
BARFIELD, KAHN and DAVIS, JJ., concur.