790 So.2d 1267 (2001)
HILLSBOROUGH COUNTY SCHOOL BOARD and RSKCo, Appellants/Cross-Appellees,
v.
Sue CHRISTOPHER, Appellee/Cross-Appellant.
No. 1D00-3453.
District Court of Appeal of Florida, First District.
August 14, 2001.
*1268 Pamela A. Walton and Mari-Frances Kline of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellants/Cross-Appellees.
H. Guy Smith of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox and Brendan M. Lee of Macfarlane Ferguson & McMullen, Tampa, for Appellee/Cross-Appellant.
ERVIN, J.
Hillsborough County School Board and RSKCo. (hereinafter "the E/C"), assert four issues on appeal challenging various aspects of an order awarding permanent, total disability (PTD) benefits to claimant, Sue Christopher. Because the record contains competent, substantial evidence to support the judge of compensation claims' (JCC) ruling that claimant is permanently and totally disabled as a result of her back condition alone, we affirm all issues raised by the E/C.
On cross-appeal, claimant argues that the JCC erred by directing that her PTD benefits be calculated based upon her average weekly wage (AWW) in effect on July 25, 1988, when she suffered her back injury, rather than on April 20, 1995, when she became disabled because her condition had deteriorated to the point that she could no longer work. We agree. See Cote v. Combustion Eng'g, Inc., 502 So.2d 500 (Fla. 1st DCA 1987) (the commencement of disability is the pertinent time for AWW determination); Reynolds v. Neisner Bros., Inc., 436 So.2d 1070 (Fla. 1st DCA 1983) (JCC erroneously calculated AWW at time of 1977 accident, rather than at time of disability in 1981). We therefore reverse and remand for recalculation of claimant's PTD benefits based upon the stipulated 1995 AWW.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WEBSTER and BENTON, JJ., concur.