819 So.2d 158 (2002)
William B. MICHELS, Appellant,
v.
ORANGE COUNTY FIRE/RESCUE and Johns Eastern Company, Inc., Appellees.
No. 1D00-3973.
District Court of Appeal of Florida, First District.
April 22, 2002.
*159 Geoffrey Bichler, Winter Park, and Bill McCabe, Longwood, for Appellant; Richard A. Sicking, Attorney for Amicus Curiae Florida Professional Firefighters, Inc., International Association of Firefighters, AFL-CIO, Coral Gables; Mark L. Zientz, Attorney for Amicus Curiae Florida Worker's Advocates, Miami.
Karen J. Cullen and Danni Lynn Germano of Broussard & Cullen, P.A., Orlando, for Appellees.

ON MOTIONS FOR REHEARING AND CLARIFICATION
BROWNING, J.
This cause is before us on Appellees' Motion for Rehearing En Banc, or Alternatively, Motion for Rehearing and Clarification. We deny Appellees' motions for rehearing, but grant the motion for clarification and, accordingly, withdraw our former opinion and substitute the following in lieu thereof.
Appellant appeals, on four grounds, the order of the Judge of Compensation Claims (JCC) which found: (1) Appellant's original diagnosis of Hepatitis C, and the date he became disabled from the disease, was March 29, 1992; (2) the average weekly wage (AWW) used in the Grice[1] offset calculation was correctly based on the March 29, 1992, date of accident; (3) Employer/Carrier (Appellees) were permitted to take the Grice offset retroactively to May 1, 1997; and (4) Appellant's attorney's fees and costs should be limited to its ruling that supplemental benefits be excluded from the offset calculations. Appellees cross-appeal, on three grounds, the JCC's findings that (1) issues regarding retroactivity of the offset and inclusion of permanent total supplemental (PTS) benefits were ripe for adjudication; (2) Appellees are not entitled to include PTS benefits in the Grice offset; and (3) attorney's fees and costs are payable on its ruling regarding supplemental benefits. Two amicus curiae raised a total of four issues, none of which were raised by the parties. We reverse on two grounds and affirm the other issues without discussion. The issues raised by amici were not properly before this court and were not considered. See Acton, II v. Ft. Lauderdale Hospital, 418 So.2d 1099, 1101 (Fla. 1st DCA 1982) (holding amici do not have standing to *160 raise issues not available to the parties, nor may they inject issues not raised by the parties); see also Keating v. State, 157 So.2d 567, 569 (Fla. 1st DCA 1963) (same); Turner v. Tokai Financial Services, Inc., 767 So.2d 494, 496 n. 1 (Fla. 2d DCA 2000) (holding amici lack standing to raise issues not raised by the parties.)
On March 29, 1992, when Appellant was diagnosed with Hepatitis C, his annual income was $35,000.00. Between 1992 and 1996, Appellant underwent three six-month courses of interferon therapy. Each time Appellant underwent interferon therapy, he missed approximately four to six months of work because of treatment side effects. As a result, Appellant received medical and indemnity benefits to which he was entitled based on his temporary disability due to his occupational disease. However, after treatment, Appellant returned to work full-time to his full duties and, in fact, assumed additional responsibilities, received a promotion, and worked a second job as well.
On September 18, 1998, Appellant became incapable of performing his work for Appellee Employer and his second employer, and was accepted by Appellees as being permanently and totally disabled (PTD). At the time Appellant terminated work, he was earning $69,000.00 per year from his employment with Appellee Employer. However, the JCC rejected use of such amount for computation of benefits, opting for the $35,000.00 annual income earned in 1992 when Appellant was first diagnosed. This was error. It is well-settled in occupational disease cases that the date of accident is determined by the date of disability, and disability is defined as the date the claimant became incapable of performing work in the last occupation in which he was exposed to the hazards of the disease. See § 440.151(1)(a), Fla. Stat. (1991) and (1997) ("disablement ... resulting from an occupational disease ... shall be treated as the happening of an injury by accident ...."); see also Cote v. Combustion Engineering, Inc., 502 So.2d 500, 501 (Fla. 1st DCA 1987) (holding disablement from occupational disease treated as an injury by accident); Hoppe v. City of Lakeland, 691 So.2d 585, 586 (Fla. 1st DCA 1997) (holding disability occurs when a claimant becomes actually incapacitated, partially or totally, from performing work in the last occupation in which he was exposed to the hazards of the disease); Sledge v. City of Fort Lauderdale, 497 So.2d 1231, 1233 (Fla. 1st DCA 1986) (holding disablement occurs when the employee is actually incapacitated, partially or totally from performing his employment); Hillsborough County Sch. Bd. v. Christopher, 790 So.2d 1267, 1268 (Fla. 1st DCA 2001) (holding disability commences upon the date a claimant's condition deteriorates to the point he can no longer work). Accordingly, detection of an occupational disease does not necessarily coincide with the date of disablement from the disease. See Hoppe, 691 So.2d at 587.
In this case, September 18, 1998, is the date Appellant's condition deteriorated to the point he was permanently precluded from working because of his disease. Thus, Appellant's disablement and date of accident for this claim is September 18, 1998, and his AWW is based on his earnings as of that date. The JCC's finding that Appellant's date of accident was March 29, 1992, for calculation of his AWW is incorrect, as that date established when Appellant first became entitled to the temporary benefits that were correctly and voluntarily paid by Appellees based, in part, on his AWW at that time. This determination requires the JCC to recompute Appellant's entitlement to attorney's fees, which is based upon the benefits secured *161 by his attorney. See § 440.34(2), Fla. Stat. (1997); see also Wiseman v. AT & T Technologies, Inc., 569 So.2d 508, 511 (Fla. 1st DCA 1990) (holding § 440.34(2) is construed to mean fee should be based on the total benefits secured as a result of the attorney's intervention); Monterey Builders v. Garcia, 566 So.2d 1364, 1366 (Fla. 1st DCA 1990) (holding "benefits secured" means benefits obtained as a result of the claimant's attorney's legal services connected with the claim for benefits). Because Appellant's counsel secured Appellant's entitlement to an AWW based on the September 18, 1998, date of accident, Appellant's award of attorney's fees is remanded to include that benefit.
REVERSED and REMANDED for proceedings consistent with this opinion.
PADOVANO and LEWIS, JJ., concur.
NOTES
[1] Escambia County Sheriff's Department v. Grice, 692 So.2d 896 (Fla.1997).