858 So.2d 1264 (2003)
Rex KARNES, Appellant,
v.
CITY OF BOCA RATON, Appellee.
No. 1D 02-4155.
District Court of Appeal of Florida, First District.
November 17, 2003.
*1265 Mario L. Perez; Jo Ann Hoffman, Moore, Baisden & Selwood, Nelson & Perez P.A.; Lauderdale by the Sea, for Appellant.
Robert L. Teitler and Beth J. Leahy; Walton Lantaff Schroeder & Carson, LLP; Miami, for Appellee.
HAWKES, J.
Rex Karnes (Claimant) appeals the JCC's order finding, in pertinent part, that in a non-occupational disease case, an average weekly wage (AWW) award must be determined from an employee's wages for the thirteen weeks prior to the time of injury and is not subject to periodic adjustment. We affirm.
Claimant was involved in a compensable accident in 1989, where he sustained a non-occupational disease injury. In 1993, a merit order was entered awarding Claimant temporary total disability benefits based on an AWW calculated from Claimant's 1989 wages.
Although Claimant continued to work for the same employer, and continued to receive pay increases, he also continued to suffer from medical problems as a result of his injury. During several extended time periods between 1998 and 2001, he was unable to work full-time, and qualified for benefits. In September 2001, Claimant requested a recalculation of his AWW benefits.
Claimant argued he was entitled to a recalculated AWW based on his most recent 13 weeks of compensation prior to his current disability. Claimant based his argument on this court's decision in Hillsborough County School Bd. v. Christopher, 790 So.2d 1267 (Fla. 1st DCA 2001). Claimant maintained that Christopher mandated that AWW benefits be calculated from the time of disability, not the time of the original injury. Claimant misconstrues Christopher.
It is well settled that, in non-occupational disease cases, the Workers' Compensation Act requires wages "at the time of the injury" to be used in calculating AWW.[1] Conversely, cases in the nature of an occupational disease, such as Christopher, hold that AWW must be calculated from the onset of an employee's disability.[2] Thus, the JCC properly construed the statute, and the order is AFFIRMED.
VAN NORTWICK and PADOVANO, JJ., concur.
NOTES
[1] See § 440.14(1), Fla. Stat. (1989); see also Waymire v. Fla. Indus. Comm'n., 174 So.2d 404 (Fla.1965); Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318 (Fla. 1st DCA 2002).
[2] See Michels v. Orange County Fire/Rescue, 819 So.2d 158 (Fla. 1st DCA 2002); see also Cote v. Combustion Eng'g, Inc., 502 So.2d 500 (Fla. 1st DCA 1987); Reynolds v. Neisner Bros., Inc., 436 So.2d 1070 (Fla. 1st DCA 1983).