PER CURIAM.
Reviewing de novo the interpretation of section 440.14(l)(a) & (l)(d), Florida Statutes (1987), which is a question of law, see BellSouth Telecomm, Inc. v. Meeks, 868 So.2d 287, 289 (Fla.2003), we conclude that the Judge of Compensation Claims correctly construed the statute in using Appellant/Claimant’s average weekly wage “at the time of the injury,” — i.e., the date of his 1988 industrial accident rather than the 2001 date when he was determined to be permanently, totally disabled — as the proper basis for computing compensation. See James v. Armstrong World Indus., Inc., 864 So.2d 1132 (Fla. 1st DCA 2003); Karnes v. City of Boca Raton, 858 So.2d 1264 (Fla. 1st DCA 2003).
AFFIRMED.
BROWNING, LEWIS and POLSTON, JJ., concur.