966 So.2d 460 (2007)
Rodolfo TROCHE, Appellant,
v.
GEICO and Rawlings Company, LLC, Appellees.
No. 1D06-4193.
District Court of Appeal of Florida, First District.
October 5, 2007.
*461 Laurie Thrower Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox of Fox & Loquasto, P.A., Tampa; Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Michael S. Waranch of Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Winter Park, for Appellees.
PER CURIAM.
Appellant ("Claimant") appeals the denial of his workers' compensation claim for carpal tunnel syndrome on both wrists. Because we find that Claimant suffered a repetitive injury, we reverse the lower court's dismissal of his claim.
The Judge of Compensation Claims (JCC) denied Claimant's petition for benefits regarding his condition in both wrists due to the statute of limitations set forth in section 440.19(1), Florida Statutes (2001). Claimant originally filed a claim for his wrist injury on April 12, 2000; thus, the JCC found he was barred from refiling the claim more than two years later. See Id. Based on existing case law, we find this ruling was in error.
In a repetitive injury case, the date of injury is generally deemed to be the last date of exposure to the trauma. See, e.g., Barrett v. Douglas Fertilizer & Chem., 702 So.2d 609, 610 (Fla. 1st DCA 1997) (holding that a claim filed within two years of the claimant's last injurious exposure to certain herbicides and pesticides at work was not barred by statute of limitations); Tokyo House, Inc. v. Hsin Chu, 597 So.2d 348, 351 (Fla. 1st DCA 1992) (holding that in the case of repetitive trauma, the statute of limitations begins on the last date of exposure to the trauma); City of Miami v. Tomberlin, 492 So.2d 433 (Fla. 1st DCA 1986).
Here, Claimant's filing of a previous workers' compensation claim for the same injury did not change the fact that he continued to suffer a new repetitive trauma each time he performed his job duties of entering data into a computer. Significantly, his duties did not change after he filed, and then abandoned, his initial claim. In fact, the notice of injury should have provided sufficient notice to Employer that his duties were causing injury. Had Employer taken steps to change Claimant's job functions and eliminated his exposure to the repetitive injury, the statute of limitations would have run from the time Claimant filed his original notice of injury, as that would have been the last date he was exposed to this particular injury.
That was not the case, however, and Claimant was allowed to continue his job duties and continued to suffer its harmful actions. While the JCC is correct that no case law exists relating to situations where a claimant has filed a previous claim with his employer for the same condition, we hold that this has no effect on when the statute of limitations begins to run in a repetitive trauma injury. See Tomberlin, 492 So.2d at 435 (holding that appellant's claim was not barred by statute of limitations because of the "ongoing repeated exposure" to the injury, even though claimant was aware of the cause of his injuries more than two years prior to filing the claim).
Accordingly, we reverse the JCC's order denying Claimant benefits and remand for *462 the JCC to consider the merits of Claimant's petition regarding his wrist injuries.
REVERSED and REMANDED.
WEBSTER, LEWIS and THOMAS, JJ., concur.