993 So.2d 1100 (2008)
David BIVENS, Appellant/Cross-Appellee,
v.
CITY OF LAKELAND, and Claims Center, Appellees/Cross-Appellants.
No. 1D07-5688.
District Court of Appeal of Florida, First District.
October 2, 2008.
Rehearing Denied November 7, 2008.
*1101 Geoffrey Bichler and Robert Winess of Bichler & Kelley, P.A., Winter Park, and Tonya A. Oliver of Law Office of Tonya A. Oliver, Port Richey, for Appellant/Cross-Appellee.
Dennis A. Ross and Tina R. Balentine and Barbie Feldman of Ross Vecchio, P.A., Lakeland, for Appellees/Cross-Appellants.
HAWKES, J.
Claimant filed petitions seeking workers' compensation benefits for hypertension and microvascular angina (MVA). Claimant argued that the statutory presumption of section 112.18(1), Florida Statutes, was applicable for both conditions. The Judge of Compensation Claims (JCC) found Claimant's "essential hypertension" was not the type of hypertension covered by the presumption. However, the JCC did apply the presumption to Claimant's MVA. Claimant appeals, arguing the presumption applies to "essential hypertension." Appellees (the E/C) cross appeal, claiming the final compensation order improperly applied the presumption to Claimant's MVA. We affirm in part, reverse in part, and remand.

FACTS
The City of Lakeland has employed Claimant as a firefighter since 1990. On April 27, 2005, while performing his duties as a fire safety inspector, Claimant experienced chest pains, shortness of breath, and headaches. Subsequent medical tests, including a heart catheterization, revealed that Claimant suffered from elevated blood pressure, an abnormal stress level, and, potentially, MVA.
Claimant petitioned for workers' compensation benefits. The petitions were denied and the matter proceeded to trial. The issue before the JCC turned on whether Claimant's conditions were covered by the statutory presumption of section 112.18(1). Since the parties' Independent Medical Examiners (IMEs) reached *1102 different conclusions regarding Claimant's condition, including whether Claimant had MVA, the JCC appointed an Expert Medical Advisor (EMA).
The EMA diagnosed Claimant with essential hypertension. Based on the expert's testimony, the JCC concluded that this type of hypertension was not arterial or cardiovascular, and therefore was not covered by the presumption of section 112.18(1).
The EMA also diagnosed Claimant with MVA. The JCC applied the presumption of section 112.18(1) to this condition, finding it qualified as a heart disease which had caused temporary disablement. Noting that the E/C had failed to present sufficient evidence to overcome the presumption, the JCC concluded that Claimant's MVA was compensable.

ESSENTIAL HYPERTENSION
Appellant argues the JCC's should have found essential hypertension compensable under section 112.18(1). This is a question of law concerning the interpretation of a workers' compensation statute, and as such is subject to de novo review. See Stubbs v. Bob Dale Constr., 977 So.2d 718, 719 (Fla. 1st DCA 2008); Mylock v. Champion Int'l, 906 So.2d 363, 365 (Fla. 1st DCA 2005).
The Supreme Court has emphasized that section 112.18(1) only relieves a claimant "from the necessity of proving an occupational causation." Caldwell v. Div. of Ret., Fla. Dep't of Admin., 372 So.2d 438, 441 (Fla.1979). A claimant must still present evidence to convince the JCC that he/she is suffering from one of the conditions included within the scope of the presumption (i.e., "tuberculosis, heart disease, or hypertension"), and that the condition has caused disablement.
In City of Miami v. Thomas, 657 So.2d 927, 928 (Fla. 1st DCA 1995), we clarified the types of "hypertension" covered by section 112.18(1). In that case, we overruled a JCC's finding that "the term `hypertension,' as used in section 112.18(1), was meant to include `any kind of hypertension,' i.e., hypertensive conditions other than arterial or cardiovascular hypertension." Id. Therefore, based on our previous decision, the presumption applies only to arterial or cardiovascular hypertension.
Here, taken as a whole, the medical testimony did not show that essential hypertension, the form of hypertension suffered by Claimant, was arterial or cardiovascular. The critical testimony was that of the EMA. The EMA testified that the condition itself does not effect one's cardiovascular system. To the contrary, it merely renders one susceptible to future ailments which could.
Therefore, there is no record evidence that the JCC could rely on demonstrating essential hypertension is arterial or cardiovascular in nature. Consequently, the JCC properly found the condition was not a form of hypertension covered by the presumption of section 112.18(1).

"DISABILITY"
The presumption is only applicable when a claimant's "tuberculosis, heart disease, or hypertension result[s] in total or partial disability or death." See City of Port Orange v. Sedacca, 953 So.2d 727, 729-730 (Fla. 1st DCA 2007) (stating "neither compensation nor benefits are available until the employee suffers disablement or death"). Section 440.02(13), Florida Statutes (2007), defines "disability" as "incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." (emphasis added).
*1103 We have interpreted section 440.02(13) to mean that disability occurs only when "the employee becomes actually incapacitated, partially or totally, from performing his employment." City of Mary Esther v. McArtor, 902 So.2d 942, 944 (Fla. 1st DCA 2005), quoting Sledge v. City of Fort Lauderdale, 497 So.2d 1231, 1233 (Fla. 1st DCA 1986). Thus, a finding of disability hinges solely on the employee's ability to earn income, not upon other factors such as whether the employee has experienced wage-loss. Id. at 944; see also Sedacca, 953 So.2d at 731 (addressing a prior version of chapter 440 and concluding "the statute requires a claimant actually be incapable of performing his work").
Here, there is no evidence that Claimant's MVA effected his ability to perform his duties as a fire inspector. Claimant testified that he was always able to perform the physical requirements of the job, including dragging hoses and laying supply lines. Also, no work restrictions were ever placed on Claimant when he was being evaluated or diagnosed with MVA. Although the EMA testified it would have been reasonable, as a precaution, to remove Claimant from active firefighting duty when he initially exhibited MVA symptoms, such a recommendation, given in hindsight, does not mean Claimant was incapable of performing his duties because of his condition. In fact, he was not.
Nor does the fact that Claimant missed several days of work due to medical appointments demonstrate disability. In Michels v. Orange County Fire/Rescue, 819 So.2d 158, 160 (Fla. 1st DCA 2002), the claimant underwent rounds of medical therapy, causing him to miss significant periods of work at regular intervals. The claimant was always able to return to his full duties at work. Id. Eventually, however, the claimant became incapable of performing his work and the case proceeded to appeal to clarify how his benefits should be calculated. Id. We found that the effective date of disablement (when he became disabled), and therefore the date from which benefits began to accrue, occurred when the claimant was "precluded from working because of his disease." Id. at 160. This event was removed from his diagnosis and treatment by several years. Id. Although the claimant had missed extensive time from work due to medical treatment, we stated that the "detection of an occupational disease does not necessarily coincide with the date of disablement from the disease." Id. Detection always requires testing, medical evaluations, or some type of treatment. These measures, by themselves, do not demonstrate disability.
Here, the record shows that Claimant missed one day of work due to a doctor's appointment, he later missed six days after a heart catheterization, and on a third occasion missed several hours for a stress test. He missed work only so his condition could be diagnosed, not because it was a debilitating physical ailment. Similar to Michels, such time off does not establish disability as Claimant's injury did not prevent him from performing his job responsibilities. If testing or treatment, standing alone, equaled "disability," everyone would be disabled upon their first visit to a doctor's office.
Claimant's MVA did not cause an incapacity resulting in wage loss. Without such incapacity, Claimant cannot demonstrate disablement. Without disablement, Claimant cannot qualify for the presumption of section 112.18(1). The JCC's finding that Claimant's MVA was compensable is reversed.

CONCLUSION
In summary, we affirm the portion of the JCC's order finding that "essential *1104 hypertension" is not a form of hypertension covered by the presumption of section 112.18(1). However, we reverse the portion of the order finding that Claimant's MVA was compensable under section 112.18(1).
The final order is AFFIRMED in part, REVERSED in part, and REMANDED.
LEWIS, J., concurs; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
I concur as to the exclusion of essential hypertension from the statutory presumption because of this court's prior decision in City of Miami v. Thomas, 657 So.2d 927 (Fla. 1st DCA 1995). I fully concur in the portion of the majority opinion addressing disability.