WEBSTER, J.
 

 In this workers’ compensation case, the judge of compensation claims held that claimant law enforcement officer was not entitled to the presumption afforded by section 112.18(1), Florida Statutes (2007), because his overnight stay in the hospital for treatment of his heart disease did not satisfy the statute’s disability requirement. Claimant contends this was error. We agree and, accordingly, reverse.
 

 Claimant began his employment as a law enforcement officer with the employer in 1981. In 2007, claimant saw a cardiologist pursuant to a referral by his primary doctor because of problems with his heart rate and complaints of fatigue and shortness of breath. Claimant was given a “Hotter monitor” to wear. When he returned the monitor as instructed, claimant was told he would be called with the results in approximately one week. Two days later, however, while claimant was on duty, the cardiologist’s office called and instructed him to come to the office as soon as possible. Shortly after arriving at the doctor’s office, claimant was admitted to the hospital because of an irregular heart rate, and was administered medication in a successful attempt to regulate his heartbeat. Claimant was released from the hospital the next day — the first day of the Thanksgiving weekend. He returned to work without restrictions the following Monday, his next regularly-scheduled workday. Claimant testified that he lost no wages on account of the portion of the day he missed from work.
 

 The only medical expert to testify opined that claimant had atrial fibrillation and that, on the date of accident, claim
 
 *684
 
 ant’s heart was beating at a dangerously high rate. He also testified that claimant’s cardiologist hospitalized claimant because of the symptoms caused by his atrial fibrillation, and for treatment of his condition, which included regularizing his heartbeat.
 

 The judge concluded that “the mere fact claimant required hospitalization to control his heartbeat does not automatically equate to an incapacity to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” She concluded, further, that, “absent any restriction on his work duties and responsibilities,” and pursuant to this court’s holding in
 
 Bivens v. City of Lakeland,
 
 993 So.2d 1100 (Fla. 1st DCA 2008), “claimant has not established his loss of time for hospitalization for medication to control his heartbeat establishes a disability entitling him to the statutory presumption.” As a result, the judge determined that claimant was not entitled to the section 112.18(1) presumption, and denied compensability of the claim.
 

 Section 112.18(1), Florida Statutes, creates a rebuttable presumption of com-pensability for heart disease suffered by firefighters and law enforcement or corrections officers who satisfy the statute’s prerequisites. Here, the employer and carrier conceded that claimant satisfied all of those prerequisites except the statute’s “disability” requirement. “Disability” is defined as “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” § 440.02(13), Fla. Stat. (2007). “We have interpreted section 440.02(13) to mean that disability only occurs when the employee becomes actually incapacitated, partially or totally, from performing his employment.”
 
 Bivens,
 
 993 So.2d at 1103. A finding of disability “hinges solely on the employee’s ability to earn income, not upon other factors such as whether the employee has experienced wage-loss.”
 
 Id.; but cf. City of Port Orange v. Sedacca,
 
 953 So.2d 727 (Fla. 1st DCA 2007) (en banc) (applying a prior version of chapter 440). Also, this court held in
 
 City of Miami v. Thomas,
 
 657 So.2d 927, 928 (Fla. 1st DCA 1995), that a disability may be temporary.
 

 In finding that claimant failed to satisfy the disability requirement, the judge relied on our recent decision in
 
 Bivens,
 
 in which we held the claimant failed to establish disability where there was no evidence that his heart condition affected his ability to perform his firefighting duties. 993 So.2d at 1103. Although the claimant in
 
 Bivens
 
 missed one day of work due to a doctor’s appointment, and six more days after undergoing a diagnostic heart cathet-eidzation, we noted he “missed work only so his condition could be diagnosed, not because it was a debilitating ailment.”
 
 Id.
 
 We also noted Bivens’ testimony that he was always able to perform the physical requirements of his job.
 
 Id.
 
 It was in this context that we commented: “If testing or treatment, standing alone, equaled ‘disability,’ everyone would be disabled upon their first visit to a doctor’s office.”
 
 Id.
 

 In contrast, claimant here was not hospitalized merely for diagnostic purposes. Rather, he was summoned from work by his treating cardiologist and admitted to the hospital because his heart was beating at a hazardous rate and required treatment to bring his heartbeat to a safe level. Thus, this was not “testing or treatment standing alone.” That he was able to return to work without restrictions a few days after being released from the hospital does not defeat claimant’s contention that he satisfied the disability requirement because, as noted, disability for purposes of
 
 *685
 
 the presumption may be temporary and partial.
 

 The judge also relied on our decisions in
 
 Michels v. Orange County Fire/Rescue,
 
 819 So.2d 158 (Fla. 1st DCA 2002), and
 
 Sledge v. City of Fort Lauderdale,
 
 497 So.2d 1231 (Fla. 1st DCA 1986), as support for her finding that claimant failed to establish disability. Although both cases were cited in
 
 Bivens,
 
 this reliance was misplaced. First, both cases concerned a prior version of chapter 440.
 
 See Michels,
 
 819 So.2d at 160 (applying the 1991 version);
 
 Sledge,
 
 497 So.2d at 1232 (applying the 1985 version).
 

 Also, the issue in
 
 Michels
 
 was the proper date of disability for determining the claimant’s correct average weekly wage at the time he became permanently and totally disabled due to his hepatitis C, not whether the claimant was incapacitated during his prior periods of treatment for hepatitis C.
 
 See Michels,
 
 819 So.2d at 159. The claimant in
 
 Michels
 
 received medical and indemnity benefits during each of those periods-benefits to which he would not have been entitled had he not satisfied the disability requirement for compensability of an occupational disease.
 
 Id.
 
 at 160.
 

 Likewise, in
 
 Sledge,
 
 the employer provided medical benefits following the claimant’s “several acute attacks of heart palpitations,” and paid disability benefits on one such occasion. 497 So.2d at 1231-32. The issue in that case, however, concerned how to determine the date of disablement in an occupational disease case with multiple periods of disability, whereas here the issue is whether claimant was disabled at all.
 
 See id.
 
 at 1233.
 

 Because claimant, while hospitalized for treatment of his heart disease, was actually incapacitated, at least partially and temporarily, from earning “in the same or any other employment the wages which [he] was receiving at the time of the injury,” he satisfied the disability requirement of section 112.18(1), Florida Statutes. Therefore, having also satisfied the statute’s remaining prerequisites, claimant was entitled to the presumption of com-pensability afforded by that statute. Accordingly, we reverse the order finding to the contrary, and remand for proceedings consistent with this opinion.
 

 REVERSED and REMANDED, with directions.
 

 DAVIS and PADOVANO, JJ„ concur.