PER CURIAM.
This workers’ compensation appeal raises two questions: (1) the Employer/Carrier (E/C) challenges the Judge of Compensation Claims’ (JCC’s) finding that medical evidence supports Claimant’s claim of a compensable repetitive trauma; and (2) Claimant challenges on cross-appeal the JCC’s finding that the statute of limitations ran on her 1999 date of accident. We reverse the JCC’s finding of medical causation for the reasons explained below. We affirm -without further discussion his finding that the statute of limitations ran on the 1999 accident.

Background

Claimant began working for the Employer as an underwriting tech in 1998, and her job duties included a great deal of data entry work. She complained of numbness and tingling in her hands on April 1, 1999, and her bilateral carpal tunnel syndrome was accepted as compensable and treatment was provided.
Claimant last saw her authorized physician, Dr. Beatty, on August 7, 2007. At the time of that visit, Dr. Beatty recommended surgery on the right wrist based on positive nerve testing. The doctor left the decision up to Claimant.
On August 27, 2008, Claimant filed a petition for benefits (PFB) based on the 1999 accident. The E/C denied the PFB, alleging the statute of limitations had run. Thereafter, Claimant filed another PFB, alleging a new repetitive trauma accident date of September 16, 2008. This second PFB was denied by the E/C on grounds the 2008 accident was not the major contributing cause of Claimant’s need for medical treatment.
The only medical evidence was the testimony of Dr. Beatty. The doctor confirmed she had not examined Claimant since August 9, 2007 (over a year prior to the date of the alleged accident). The doctor testified it was “speculation” as to whether continuing use of a keyboard would cause Claimant’s symptoms to continue or worsen, “[b]ut by history that’s what it looks like.” It was “speculation” whether Claimant’s condition would have changed or improved significantly given that Claimant had not undergone the recommended surgery. When asked whether *696 the regular use of her hands would continually aggravate Claimant’s nerves, Dr. Beatty agreed that was true in some people, but, because there was a possibility for improvement, it was necessary to conduct testing in order to have objective data. Until Claimant underwent new testing, the doctor could not give an opinion regarding Claimant’s current condition.

Analysis

Section 440.09(1), Florida Statutes (2008), requires:
The injury, its occupational cause, and any resulting manifestation or disability must be established to a reasonable degree of medical certainty, based on objective relevant medical findings, and the accidental compensable injury must be the major contributing cause of any resulting injuries.... In cases involving occupational disease or repetitive exposure, both causation and sufficient exposure to support causation must be proven by clear and convincing evidence.... Establishment of the causal relationship between a compensable accident and injuries for conditions that are not readily observable must be by medical evidence only, as demonstrated by physical examination findings or diagnostic testing. Major contributing cause must be demonstrated by medical evidence only.
Here, there was no medical evidence to establish Claimant’s condition on September 16, 2008. Dr. Beatty had not examined Claimant in over a year prior to that date and had no current diagnostic test results. Based on that, the doctor declined to give an opinion as to Claimant’s current medical status.
Claimant had the burden to prove every aspect of her claim. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (holding “[claimant bore the burden over the course of the proceedings below to prove her entitlement to workers’ compensation benefits”). Claimant failed to prove the medical causation of her alleged repetitive injury at all, and certainly did not do so with clear and convincing evidence. There is no competent substantial evidence to support the JCC’s finding that medical causation was established by clear and convincing evidence. Accordingly, this issue is reversed.
REVERSED in part and AFFIRMED in part.
KAHN and CLARK, JJ., concur; BENTON, J., concurs with opinion.