MARSTILLER, J.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) denying compensability of his heart condition and hypertension. Specifically, Claimant asserts the JCC erred by: 1) finding Claimant failed to satisfy the disability requirement of section 112.18(1), Florida Statutes (2008), with respect to his heart disease; 2) finding Claimant was not entitled to compensation for treatment of his hypertension under the “hindrance-to-recovery doctrine;” and 3) denying his claim for attorney’s fees and costs. We affirm as to the second issue without further comment. However, for the reasons explained below, we reverse as to the first and third issues.

Factual Background

On May 14, 2008, Claimant, a firefighter, responded to a call, and afterwards experienced elevated blood pressure and an irregular heart rate. Claimant was taken to the hospital and admitted. While hospitalized, he underwent diagnostic tests which revealed he has atrial fibrillation (AF), which is considered heart disease, and also that he has essential hypertension. Claimant was kept in the hospital for approximately one and one-half days and treated with medication until his heart rate was controlled. Upon release from the hospi *636 tal, Claimant was not assigned any work restrictions.
Claimant underwent independent medical examinations with his expert, Dr. Mathias, as well as with Dr. Kakkar, an expert retained by the Employer/Carrier (E/C). Both doctors are cardiologists. At hearing, Dr. Mathias testified it was reasonable for Claimant to be hospitalized and kept out of work for a period after being diagnosed with AF and Dr. Kakkar testified Claimant was disabled while hospitalized as a result of his AF.
Section 112.18(1), Florida Statutes, affords certain categories of public employees totally or partially disabled by tuberculosis, heart disease, or hypertension a rebuttable presumption that the condition was suffered in the line of duty. The JCC found the facts above insufficient to establish that Claimant was totally or partially disabled by AF. Specifically, the JCC concluded that Claimant “was not ‘actually incapacitated’ from performing his work activities as a result of his atrial fibrillation condition.” Relying on this court’s opinion in Bivens v. City of Lakeland, 993 So.2d 1100 (Fla. 1st DCA 2008), the JCC reasoned that Claimant’s hospitalization for evaluation, diagnosis, and treatment for AF did not equate to total or partial disability, as required by section 112.18(1). After denying compensability of Claimant’s heart condition and hypertension, the JCC denied Claimant’s request for attorney’s fees and costs.

Analysis

The JCC’s determination that Claimant failed to establish disability involved an interpretation of law. As such, we review the determination de novo. See Mylock v. Champion Int’l, 906 So.2d 363, 365 (Fla. 1st DCA 2005) (“To the extent the [JCC’s] order ... involved an interpretation of law, our standard is that of de novo.”).
At the outset, we note that at the time the final order on appeal was rendered, the JCC did not have the benefit of our opinion in Carney v. Sarasota County Sheriff’s Office, 26 So.3d 683 (Fla. 1st DCA 2009), in which we found the claimant had established disability under facts remarkably similar to those in the instant case. In Carney, the claimant, a law enforcement officer, was hospitalized due to an irregular heart rate, diagnosed with AF, and remained in the hospital for a little more than one day, during which time he was treated with medication to regulate his heartbeat. Id. The claimant was released from the hospital and allowed to return to work with no restrictions. Id. There was medical testimony that the claimant was unable to perform his job duties as a result of his AF and while in the hospital undergoing treatment to bring his heart rate within acceptable limits. Id.
In Bivens, we had held the claimant failed to establish disability under section 112.18(1) where, although he had missed several days’ work for a doctor’s appointment, heart catheterization, and stress test, his heart condition did not prevent him from working. 993 So.2d at 1103. We reasoned that “[the claimant] missed work only so his condition could be diagnosed, not because it was a debilitating physical ailment” and that “[i]f testing or treatment, standing alone, equaled ‘disability,’ everyone would be disabled upon their first visit to a doctor’s office.” Id.
In Camey, as in the instant case, the JCC had relied upon Bivens in denying compensability for the claimant’s heart condition. However, we distinguished the facts in Bivens, stating:
[Claimant here was not hospitalized merely for diagnostic purposes. Rather, he was summoned from work by his treating cardiologist and admitted to the hospital because his heart was beating *637 at a hazardous rate and required treatment to bring his heartbeat to a safe level. Thus, this was not “testing or treatment standing alone.” That he was able to return to work without restrictions a few days after being released from the hospital does not defeat claimant’s contention that he satisfied the disability requirement because, as noted, disability for purposes of the presumption may be temporary and partial.
Carney, 26 So.3d at 684-85. We find our reasoning and holding in Carney dictate a similar conclusion in this case. Here, Claimant suffered an irregular heartbeat after returning from a firefighting call. He required hospitalization and treatment due to his AF condition, and medical testimony established he was disabled from performing his firefighting duties while hospitalized due to his condition. Consequently, Claimant was temporarily disabled as a result of his AF and has satisfied the disability requirement of section 112.18(1), Florida Statutes.

Conclusion

As stated previously, we affirm the JCC’s denial of compensation for treatment of Claimant’s hypertension under the “hindrance-to-recovery doctrine.” However, based upon our holding in Carney, we reverse the JCC’s finding that Claimant failed to satisfy the disability requirement of section 112.18(1), Florida Statutes. In addition, we reverse the JCC’s denial of attorney’s fees and costs pursuant to section 440.34(3), Florida Statutes, because Claimant has prevailed on the issue of compensability of his AF condition.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF and LEWIS, JJ., concur.