PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying com-pensability of her hypertension on the ground she failed to establish eligibility to rely on the statutory presumption of occupational causation available via section 112.18, Florida Statutes (2010). We reverse.
The E/C conceded Claimant met three of the four requirements of section 112.18 by being a police officer whose condition resulted in disability and who “successfully passed a physical examination upon entering into” service. The fourth statutory requirement is that the condition itself be *303 one of those listed in section 112.18: “tuberculosis, heart disease, or hypertension.” This court has held such hypertension must be “arterial or cardiovascular.” See Bivens v. City of Lakeland, 993 So.2d 1100 (Fla. 1st DCA 2008) (citing City of Miami v. Thomas, 657 So.2d 927 (Fla. 1st DCA 1995)).
The JCC found Claimant failed to prove this final requirement.. Even though Claimant, diagnosed with “essential” hypertension, introduced unrefuted medical opinion testimony that “essential” hypertension is “the same thing” and “the same condition” as “arterial” hypertension, the JCC rejected that testimony. A JCC is permitted to reject even unrefuted medical testimony if he gives a reason, so as to permit appellate review. See Vadala v. Polk County Sch. Bd., 822 So.2d 582, 584 (Fla. 1st DCA 2002). Here, the reason the JCC gave is that the medical opinion contravenes his understanding of Bivens and Thomas. Because the JCC’s understanding of that case law is inaccurate, the JCC’s rejection of the unrefuted medical opinion testimony was unfounded.
Bivens does not hold that, as a matter of law, “essential” hypertension is not covered by section 112.18. To the contrary, Bivens, which also involved a claimant diagnosed with “essential” hypertension, was decided on the ground there was simply “no record evidence that the JCC could rely on” — an absence of evidence — to support a finding that the hypertension was arterial or cardiovascular. Bivens does not preclude a claimant from attempting to meet his burden to prove that whatever form of hypertension he may have is in fact “arterial or cardiovascular.” Bivens is limited to its facts: where a claimant seeking to rely on section 112.18 produces no evidence that his hypertension is arterial or cardiovascular, a JCC’s denial of com-pensability on that ground will be affirmed. Claimant here, in contrast, produced such evidence, and- because the JCC’s reason for rejecting that evidence was based on his misunderstanding of case law, the JCC erred in denying compensa-bility.
REVERSED and REMANDED for entry of an order consistent with this opinion.
WOLF, RAY, and MAKAR, JJ., concur.