PER CURIAM.
In this workers’ compensation appeal, claimant seeks review of an order denying the compensability of her claimed repetitive trauma injury and associated benefits. We agree that the Judge of Compensation Claims (JCC) imposed an improper burden of proof on her, and, for the reasons that follow, reverse the JCC’s denial of benefits.
The parties were previously before this court, at which time we affirmed the JCC’s finding that the statute of limitations had expired regarding claimant’s compensable bilateral carpal tunnel syndrome with a 1999 date of accident, and reversed the JCC’s finding that claimant sustained a new repetitive trauma injury in 2008. See Broadspire v. Rose, 24 So.3d 694, 695 (Fla. 1st DCA 2009). Thereafter, claimant filed a new petition for benefits alleging she sustained a new repetitive trauma to her hands, seeking a carpal tunnel release surgery, and assigning February 2010 as the date of the accident.
After considering Claimant’s testimony and that of each party’s independent medical examiner, the JCC denied the claim. The JCC found:
the testimony of the claimant’s IME physician, Dr. Fiore and that of the EC’s IME physician, Dr. Goldsmith are substantially similar. They both diagnose Rose as suffering from carpal tunnel syndrome. They both state that they cannot say that Rose’s symptoms *888 now are any different from the symptoms she was suffering in 2007. Dr. Fiore noted that Rose had normal EMG studies done in 2002 and 2003 and an abnormal study in July 2007 when the surgery was recommended. He testified that without additional testing showing a worsening of symptoms there would be no objective findings that would support a change in condition since 2007. Rose has failed to offer any evidence of a change in condition. She has not carried her burden to prove a new accident or injury or an aggravation or exacerbation of a pre-existing condition.
By requiring claimant to offer evidence of a change in condition, even though she was alleging repetitive trauma, the JCC utilized an incorrect legal standard.
No change in condition need be shown, given claimant’s allegation of subsequent repetitive trauma, because every new exposure to the trauma was a new “accident” for purposes of workers’ compensation. Section 440.09(1), Florida Statutes (2009), requires that causation be established by clear and convincing evidence in cases of repetitive exposure. Nothing in these requirements places a burden on a claimant to prove that the condition has changed or somehow worsened. The proper legal standard is a showing, by clear and convincing evidence, that an “accident” occurred; that is, that “[t]he injury, [and] its occupational cause ... be established to a reasonable degree of medical certainty, based on objective relevant medical findings.” § 440.09(1), Fla. Stat. (2009).
This court addressed a similar issue in Troche v. GEICO, 966 So.2d 460 (Fla. 1st DCA 2007), which provides instruction here. In Troche, this court reversed the JCC’s denial of a claim for bilateral carpal tunnel syndrome. Id. at 461-62. In finding that Troche suffered a repetitive injury, the court noted that “[i]n a repetitive injury case, the date of injury is generally deemed to be the last date of exposure to the trauma.” Id. at 461. The Troche panel, in explaining why the JCC erred in relying on a previously filed, and voluntarily dismissed, petition for benefits alleging the same condition to find that the statute of limitations had expired, noted:
Here, Claimant’s filing of a previous workers’ compensation claim for the same injury did not change the fact that he continued to suffer a new repetitive trauma each time he performed his job duties of entering data into a computer. Significantly, his duties did not change after he filed, and then abandoned, his initial claim. In fact, the notice of injury should have provided sufficient notice to Employer that his duties were causing injury. Had Employer taken steps to change Claimant’s job functions and eliminated his exposure to the repetitive injury, the statute of limitations would have run from the time Claimant filed his original notice of injury, as that would have been the last date he was exposed to this particular injury.
That was not the case, however, and Claimant was allowed to continue his job duties and continued to suffer its harmful actions.
Id. at 461.
Just as in Troche, claimant’s job duties remained unchanged after, and despite, her prior petitions for benefits. Claimant testified unchallenged that her work activities throughout her employment with the employer involved a great deal of data entry, typing, and use of a mouse. Beginning in 2008 and continuing until July 2011, she was assigned to the reports and control department, entering federal tax identification numbers for entities paid by the employer. The physical demands of her job involved “a lot of data *889 entry, basically non stop typing.” Each position she held required she meet a production quota. Dr. Fiore, in his deposition, described what he understood claimant’s work activities to entail: “working at GEICO full duty, typing a full shift, which is approximately 7.75 hours per day, divided into two shifts, interrupted by lunch.” Based on those work activities, combined with the results of his physical examination of claimant wherein he elicited objective positive signs of carpal tunnel syndrome bilaterally, and her abnormal 2007 EMG/ nerve conduction study report, his uncon-tradicted opinion was that claimant’s diagnosis of bilateral carpal tunnel syndrome was a recurrence of her condition ongoing since 1999 and that within a reasonable degree of medical probability the major contributing cause of her present recurrence of symptoms was her typing activity. Dr. Goldsmith’s testimony did not refute this opinion. He too diagnosed bilateral carpal tunnel syndrome. He also agreed that the symptoms caused by the condition can “worsen especially if she continues her repetitive work activities.”
Under an application of the proper standard, claimant proved a new repetitive trauma injury. That the doctors may not be able to “say that Rose’s symptoms now are any different from the symptoms she was suffering in 2007” is not disposi-tive of a claim based on repetitive trauma. Repetitive trauma can be proven by “de-monstratpng] a series of occurrences, the cumulative effect of which is injury.” Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA 1980). Here, claimant’s undisputed testimony was that she engaged in extensive typing on a daily basis for thirteen years. Dr. Fiore opined that the described typing was the major contributing cause of the condition he diagnosed— bilateral carpal tunnel syndrome. The JCC did not reject this evidence.
Accordingly, because claimant met her burden, as required by section 440.09(1), to prove that “[t]he injury, [and] its occupational cause ... be established to a reasonable degree of medical certainty, based on objective relevant medical findings,” the JCC erred in denying the claimed benefits. Because the JCC erred in denying the claim for authorization of treatment for claimant’s bilateral carpal tunnel syndrome, the JCC likewise erred in denying the claim for attorney’s fees and costs.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.