PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying com-pensability of his injuries claimed under a theory of repetitive trauma with an alleged date of accident of September 22, 2003. Claimant argues that the JCC erred when he found that the report of injury was late, forever barring the prosecution of any claims. Claimant also argues that the JCC erred by ruling on reserved claims for attorney’s fees and costs related to previously provided benefits. We agree and reverse the order on appeal, and remand the case for additional findings.
Section 440.185(1), Florida Statutes (2002) requires that a claimant advise his employer of an injury within 30 days of either the date of the injury or the date of the initial manifestation. Under the plain language of the statute, there are two separate dates from which a report of injury may be timely made and the use of either date is sufficient for timely compliance. This court has noted that the date of injury in a case of repetitive trauma is generally deemed to be the last date of exposure to the trauma. See Rose v. Geico, 90 So.3d 886, 888 (Fla. 1st DCA 2012) (citing Troche v. Geico, 966 So.2d 460, 461 (Fla. 1st DCA 2007)). Here, the JCC appears to have assumed that any report of injury more than thirty days after Claimant first had knowledge of his symptoms — i.e., the date of the initial manifestation — was too late. Nothing in the final order indicates that the JCC considered the date of injury as the alternate date for timely reporting of this claim based on alleged repetitive trauma (nor did the JCC make any findings as to whether Claimant suffered an injury of any sort). Instead, the JCC appears to have interpreted the reporting requirements of section 440.185 in a manner that *1225 would require this court to add the phrase “whichever occurs first” following the two alternate dates after which an employee can timely report an injury. This interpretation is contrary to the plain language of the statute which provides two separate dates as alternatives for timely compliance. Furthermore, courts are not at liberty to add words to statutes that were not placed there by the Legislature. See Germ v. St Luke’s Hosp. Assn., 993 So.2d 576, 578 (Fla. 1st DCA 2008) (“If a statute’s plain language is clear and unambiguous, courts should rely on the words used in the statute without involving rules of construction or speculating as to the legislature’s intent. Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included by the legislature.” (citations omitted)).
Because the JCC assumed that the report of injury here would have been too late under any interpretation of the evidence, he failed to make the necessary findings for this repetitive trauma claim— including a determination of the date of injury based on the last injurious exposure, or whether Claimant suffered an injury of any sort. Conflicts in the lay testimony and expert medical opinion concerning other elements of the claim, such as causation, remain unresolved and this Court cannot perform a meaningful review on the issue of whether Claimant’s report of injury was timely under section 440.185. Accordingly, we reverse and remand for further findings regarding this repetitive trauma claim to include findings as to whether Claimant suffered injury, and the date of the injury. Because we reverse the order on appeal, including the denial of attorney’s fees and costs, this renders moot Claimant’s second issue relating to the denial of attorney’s fees. Based on the foregoing, the appealed order is reversed, and the case remanded for additional proceedings consistent with this opinion.
WOLF, PADOVANO, and RAY, JJ„ concur.