IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEON SMITH,

      Appellant,

v.

CITY OF DAYTONA BEACH
POLICE DEPT./CITY OF
DAYTONA BEACH RISK
MANAGEMENT,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4409

Opinion filed July 16, 2014.

An appeal from an order of the Judge of Compensation Claims.
Neal P. Pitts, Judge.

Date of Accident: August 10, 2012.

Kelli Biferie Hastings of the Law Office of Kelli Biferie Hastings, PLLC, Orlando, and James Spears of the Law Office of James R. Spears, PLLC, Orlando, for Appellant.

Gregory J. McDole, Daytona Beach, for Appellees.

RAY, J.

In this workers' compensation matter, Claimant, a law enforcement officer, argues that the Judge of Compensation Claims (JCC) erred by applying the doctrines of res judicata and collateral estoppel to bar his claim for benefits based

on a new period of disability arising out of treatment of a non-compensable cardiac condition. We find no error in the JCC's application of either, or both, of these preclusion doctrines. We write, however, to explain why we reject Claimant's primary legal argument, which posits that he was not required to show a new injury, or a worsening of a compensable injury, in order to establish a new date of accident separate and apart from the injury previously denied with finality.

I.

Claimant began working as a police officer for the City of Daytona Beach (Employer) in 2001. During the summer of 2007, he was diagnosed with dilated cardiomyopathy (a disease of the heart muscle affecting its main pumping chamber), and received a heart transplant. Before Claimant could return to work following this surgery, during a period of no exposure to law enforcement activity, he developed bradycardia (a low heart rate), and had a cardiac pacemaker surgically implanted to control this condition. After a recuperation period, Claimant went back to work for the Employer.

Claimant did not file a petition for benefits relating to his heart condition until late in 2010. Following a hearing on the merits of that petition, the JCC denied the petition on grounds that the statute of limitations had expired, and alternatively, that the Employer/Carrier (E/C) had successfully rebutted the statutory presumption of compensability afforded law enforcement officers under

2

section 112.18(1), Florida Statutes. Claimant appealed the JCC's order, but later dismissed the appeal by agreement of the parties. As part of this agreement, the parties stipulated to the finality of the JCC's order denying benefits for Claimant's heart disease.

In 2012, Claimant suffered another period of disability related to his heart disease when he was hospitalized for the replacement of a lead on the cardiac pacemaker originally implanted in 2007. The lead was found defective based on abnormalities noted on an EKG performed during a routine follow-up visit. Claimant filed a petition for benefits – alleging a new date of accident – again requesting compensation for his heart disease, but this time as a result of the new period of disability suffered for this condition. After an evidentiary hearing, the JCC denied benefits based on the doctrines of res judicata and collateral estoppel. This order is the subject of the current appeal.

Claimant argues that the JCC erred in holding that his petition for benefits was barred by doctrines of claim and issue preclusion because each new date of disability for heart disease is a new "date of accident," and hence a new claim as a matter of law. He asserts that it is irrelevant that the claimed condition has been previously deemed non-compensable. Citing cases involving repetitive trauma, Claimant submits that he was not required to prove the worsening of a

3

compensable condition or that he suffered a new cardiac condition; instead, all that mattered was that he suffered a new period of disability. We disagree.

## II.

Claimant's heart disease is claimed to be compensable under the occupational disease theory of recovery. See Sledge v. City of Fort Lauderdale, 497 So. 2d 1231, 1233 (Fla. 1st DCA 1986) (finding heart disease compensable as occupational disease in cases where section 112.18(1), Florida Statutes, applies). An essential element of a claim based on an occupational disease is that the disease results in disability. See § 440.151(1)(a), Fla. Stat. (2012) ("[T]he disablement or death of an employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident . . . ."); § 112.18(1), Fla. Stat. (2012) (requiring employees seeking to avail themselves of occupational presumption of compensability prove covered condition "result[ed] in total or partial disability"). See also Am. Beryllium Co. v. Stringer, 392 So. 2d 1294, 1296 (Fla. 1980) ("In occupational disease cases, therefore, it is the disability and not the disease which determines the compensability of a claim.").

Although it is correct to focus on the date of disability in determining whether a new accident occurred, that determination alone does not control the result. A new date of accident is found only when the underlying occupational disease is compensable *and* the disease progression results in a subsequent period

4

of disability. See Orange Cnty. Fire Rescue v. Jones, 959 So. 2d 785, 786 (Fla. 1st DCA 2007) (explaining subsequent increase in viral load from already compensable condition, coupled with subsequent period of disability, resulted in new date of accident for occupational disease); see also Michels v. Orange Cnty. Fire/Rescue, 819 So. 2d 158, 160 (Fla. 1st DCA 2002) (permitting second date of accident for calculation of average weekly wage, where compensable occupational disease "deteriorated" to cause permanent disability).

In contrast to Jones and Michels, in the case currently before the Court, Claimant's underlying condition, specifically the heart disease that resulted in the heart transplant and implantation of a pacemaker, was previously adjudicated as non-compensable. Claimant admitted there had been no change in his condition when he was hospitalized for the repair of his pacemaker lead; rather, he experienced a new period of disability. Because the underlying condition was adjudicated to be non-compensable, it follows that the subsequent disability arising out of treatment for that condition is likewise non-compensable. Claimant presents no legal authority supporting his argument that in the instance of occupational diseases,[*] a new date of accident can be proven in the absence of a new or different injury.

---

[*] On appeal, Claimant likens the analysis for proving compensability of occupational diseases to that of repetitive trauma cases. Claimant argues that in the instance of repetitive trauma cases, a change in condition is not necessary to

III.

Both the law and competent substantial evidence support the JCC's conclusion that Claimant's cardiac condition on the new date of disability relates directly back to the 2007 date of injury, thus compelling application of res judicata and collateral estoppel to bar the new claim. Because the 2007 date of injury, with all of its sequelae, was determined to be non-compensable based on grounds of statute of limitations and a lack of occupational causation, the argument that the 2012 hospitalization represents a new, compensable date of accident is without merit.

AFFIRMED.

WOLF and PADOVANO, JJ., CONCUR.

---

establish a new date of accident, and a claimant seeking to establish a new date of accident under a repetitive trauma theory of recovery need only prove continued exposure and legal causation. See Rose v. GEICO, 90 So. 3d 886, 888 (Fla. 1st DCA 2012) ("No change in condition need be shown, given claimant's allegation of subsequent repetitive traumas, because every new exposure to the trauma was a new 'accident' for purposes of workers' compensation."). We emphasize that the instant case is not a repetitive trauma case, and this Court has explained that the elements of proof for a repetitive trauma case are not identical to those required by occupational disease cases. See City of Orlando v. Lemay, 652 So. 2d 850 (Fla. 1st DCA 1995).